*345 OPINION of the Court, by
Chi. J. Boyle.
— This was an action of assault and battery. The defendant pleaded son assault demesne. On the trial, after the *346 evidence was gone through, the counsel for the defendant was about to open the argument, but the plaintiff’s counsel objected, alleging that the defendant had not introduced evidence to prove an assault upon the plaintiff by the defendant ; and the court being of that opinion, refused to permit the defendant’s counsel to open and conclude the argument.
The question is, whether the court erred upon this point?
There is no doubt that the defendant held the affirmative of the issue ; and it is well settled, that he who holds the affirmative has a right to open and conclude. That this is a right which may be asserted, and the denial of the exercise of which is error, was determined in the case of Churchwell vs. Rogers, Hard. Rep. 182. That decision was evidently founded upon the nature of the pleadings, and not upon the nature and import of the evidence. Were a distinction made according to the nature or import of the evidence, it would produce endlesjs disputation in the inferior courts, and lead to much inconvenience and delay. On points of this sort it is better to have one uniform rule, than to be creating distinctions which must inevitably tend to render tbp rule uncertain in its application. It is true, as was alleged in the argument, that the defendant may and . often will file an affirmative plea for the mere purpose of giving to himself the right to open and conclude, knowing at the same time that the plea cannot be supported by evidence. This circumstance, however, does not appear to furnish a solid objection to the rule. The right to open and conclude must belong either to the plaintiff or defendant; and the law knowing no partiality for either of them, in legal-estimation it must be a matter of indifference to which party the attitude of the cause gives the right. If, therefore, the defendant can by pursuing a legal course place the cause in such an attitude as to acquire the right, he ought not to be deprived ofits exercise.
The judgment must be reversed with costs, and the cause remanded for new proceedings, &c.