CASE 34—ACTION FOR ASSAULT AND BATTERY—MARCH 29.

## Givens v. Berkley.

APPEAL FROM BELL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

EVIDENCE—PUNITIVE DAMAGES—EVIDENCE AS TO FINANCIAL ABILITY OF DEFENDANT.

Held:  1. Unless the physician who examined the plaintiff's head was able to state that the skull had been fractured, no testimony should have been allowed as to the probable damage which would result from such an injury.

2. It was not competent to prove the financial condition of the father of the injured boy, nor that he was dismissed from school. It was error to prove that defendant had procured an indictment against Miss Brashear, or of any conveyance made by defendant to his wife.

3. It was error to admit evidence as to the pecuniary condition of the defendant, though the case is one in which punitive damages may be recovered.

    To the extent that former decisions of this court conflict with this opinion, they are overruled.  See superior court opinion in Crosby v. Bradley, 11 Law Rep., 954; Gore v. Chadwick, 6 Dana, 478; Railroad Co. v. Mahony's Adm'r., 7 Bush, 238.

N. J. WELLER, ATTORNEY FOR APPELLANT.

1. It was error to allow Dr. Kenyon to testify as to the health of the injured boy, Gillis Berkley, from fractured skull, when there was no such injury shown by the evidence.

Givens v. Berkley.

2. Evidence as to any connection of the appellant, Givens, in pro-
curing an indictment against Miss Brashear was improper and
prejudicial.

J. D. BLACK AND O. V. RILEY, ATTORNEYS FOR APPELLEE.

(No brief in record.)

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The appellee instituted this action in the Bell Circuit
Court seeking to recover judgment against the appellant
for an assault and battery alleged to have been committed
by appellant upon A. M. Berkley, a boy perhaps about
sixteen years of age, the suit being by Gillis Berkley as
next friend. The answer of appellant is a plea of *son as-
sault demesne*, which was controverted by the reply of plain-
tiff. A trial resulted in a verdict and judgment against the
appellant for $1,500, and, his motion for a new trial hav-
ing been overruled, he prosecutes this appeal.

Numerous grounds are relied on in support of the mo-
tion for a new trial, some of which need not be noticed.
According to the testimony of plaintiff, the defendant as-
saulted the boy by striking him on the back of the head
with a rock or brick, without sufficient justification. De-
fendant's proof conduced to sustain his plea that he was
striking in self-defense, and that the cause of the diffi-
culty was an injury, or an attempted injury, upon his in-
fant son.

Numerous objections were made by appellant as to testi-
mony offered by plaintiff and admitted by the court. It
was error to allow the witness to testify that Burkes once
testified in the case on trial, and also in the case of the
Commonwealth against Givens. Neither was it compet-
ent to prove the financial condition of the father of the
injured boy; nor was it competent to prove why, if at all,

the boy had been dismissed from school.    Unless Dr. Kenyon, after a sufficient examination of the boy's head, was able to state that the skull had been fractured, no testimony should have been allowed as to the probable damage which would result from such an injury.    It was error to allow the plaintiff to introduce any proof as to defendant having caused the indictment of Miss Brashear. No proof in regard to such proof of indictment on trial should have been admitted.  No evidence in regard to any conveyance made by defendant to his wife should have been admitted.

The first instruction given by the court is substantially correct, with the exception that it does not sufficiently show that the defendant had a right to throw, if it reasonably appeared to him to be necessary, and that he did so believe, in order to save his life or his body from great harm, or to so save the life or body of his son, R. Lee Givens.    It would also have been proper to have said that, if the conditions indicated were shown to exist, then the jury should find for the defendant.    Under the pleading in this case, the burden of proof was clearly upon defendant, and he was entitled to conclude the argument.    Goldsberry v. Stuteville, 3 Bibb, 346.    Also, see Railroad Co. v. Brown, 13 Bush, 475; Crabtree v. Atchison, 93 Ky., 338, (20 S. W., 260); Walls v. Robb, 15 Ky. Law Rep., 159.

It is alleged that the attorney for plaintiff stated in his argument to the jury that the defendant was worth $10,-000, and of this, appellant complained.    It does not appear that the statement complained of was excepted to at the time, and besides, there was some proof introduced or attempted to be introduced tending to show that the defendant was a man of considerable wealth.    It does not satisfactorily appear that proper exceptions were taken to

Givens v. Berkley.

that evidence. But, inasmuch as the case must be revers-
ed, we deem it proper to consider and determine as to the
competency of such testimony. It is true that in Gore v.
Chadwick, 6 Dana, 478, this court seems to have recognized
the competency of such evidence, but seems to have given
it but a passing notice, and regarded it as not affecting the
verdict of the jury. We quote as follows from the opin-
ion: "The circuit court permitted the plaintiff in the ac-
tion to prove that the defendant was worth between $15,·
000 and $20,000, and we are of the opinion, also, that this,
though novel, was not erroneous. In such an action the
jury have a right to know the condition of the parties;
and, if such testimony as that here objected to could tend
to produce an exorbitant verdict, there is no doubt that in
this case it had no such effect. And, therefore, as the only
ground of reasonable objection to such evidence would be
that it might excite the passions of the jury, and the evi-
dence in this case could not have had such influence, the
admission of it furnishes no cause for reversing the judg·
ment." The court further says that the damages assessed
should be deemed moderate. The superior court, in Cros-
by v. Bradley, 11 Kentucky Law Reports 954, held that in
an action for assault and battery evidence as to the
amount of defendant's estate was competent, referring,
however, to no authority except to the case of Gore v.
Chadwick, *supra.* In Railroad Co. v. Mahony's Adm'x,
7 Bush, 238, this court said: "With reference to the ob-
jection that testimony was admitted as to the pecuniary
condition of the appellant, we deem it sufficient to say that
in this case, as in other cases for the recovery of punitive
or exemplary damages, it was not improper to allow proof
of the pecuniary ability of the defendant." No authority
is quoted in support of this last opinion, nor did the court

Givens v. Berkley.

discuss the question. If it be competent in such cases to admit evidence as to the wealth or ability of the defendant to pay, it seems to us inevitable that proof should be admitted to show his poverty or inability to pay, and, incidental thereto, it would be proper to show what family was dependent entirely upon him for support. The tendency of this class of testimony would be to lead the jury to consider chiefly the pecuniary condition of the defendant, rather than the enormity or wantonness of the act for which punitive damages might be allowed. And, if pecuniary condition of the defendant can be proven for the purpose of influencing the verdict of the jury, it would seem that like evidence should be admitted as to the plaintiff. After a careful consideration of this question, we are clearly of the opinion that no evidence as to the financial condition of either defendant or plaintiff should be admitted in any case in which punitive damages might be recovered. To the extent that the decsions hereinbefore referred to conflict with this opinion, the same are overruled. It is said in the notes in 5 Am. & Eng. Enc. Law, p. 65: "Although there are some authorities to the contrary, the wieght of authority is that neither the pecuniary circumstances of plaintiff nor of the defendant are admissible on the question of the amount of damages." For the reasons indicated, the judgment appealed from is reversed, and cause remanded for a new trial upon principles consistent with this opinion.