## FISH v. KIRLIN-GRAY ELECTRIC CO.

1. Where plaintiff was injured, while attending church, by the fall of an arc light, which defendant electric company had placed in the church under an agreement to keep the same in repair and furnish electricity and carbons therefor, a complaint alleging that the lamp fell by reason of defendant's negligence in failing to keep the lamp in proper repair was not demurrable for failure to charge that defendant was the owner of the church, or of the light which caused the injury.

2. Where an electric company sold an arc light to a church under a contract by which the company was bound to furnish electricity and keep the light in repair, and by reason of its negligence in failing to properly repair the light, after notice, it fell, and injured plaintiff while attending services, defendant was liable for such injury.

(Opinion filed June 8, 1904.)

Appeal from circuit court, Codington county; Hon. JULIAN BENNETT, Judge.

Action by Marion M. Fish against the Kirlin-Gray Electric Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Wilbur S. Glass,* for appellant.

This accident is one which is classed as inevitable. No good and sufficient reason can be given for it. Accidents of this kind take place. Serious injuries at times result therefrom and no cause can be given for such accidents. This is an

accident that belongs to that class.   DeGraff v. New York Central Railroad Company, 76 N. Y. 125.

If the cause of the injury was unusual and one which reasonable and careful foresight could not have foreseen as such and which, under the circumstances, sure care and foresight could not have guarded against.   Cooley on Torts, 80; Holmes v. Mother, L. R. 10 Exch. 261.

Where a person in the observance or performance of a duty due to another has neither done nor omitted to do anything which an ordinary careful and prudent person in the same relation and under the same conditions and circumstances would not have done or omitted to do, he has not failed to use ordinary care and is, therefore, not guilty of negligence, even though damages may have resulted from his action or want of action.   Mow v. Abbott, 3 Maine 46; Moulton v. Sanford, 51 Maine 127; Washington v. Baltimore, etc., 17 W Va 190; Wabash Railway Company v. Locke, 112 Indiana, 404.

*George W. Case*, for respondent.

A corporation which generates and sends electricity into the wires of a street railway company is chargeable with the duty to see that the wires are properly insulated, and it is liable for failure to perform that duty if a person is killed because the wires are not properly insulated.   Thomas, Administrator, v. Maysville Gas Co., 53 L. R. A. 147; Excelsior Electric Co. v. Sweet, 30 At. 553.

Persons using electricity must use the utmost care to prevent injury, and must protect those possessing less than ordinary knowledge of its character.   Excelsior Electric Co. v. Sweet, 30 Atl. 553; McLaughlin v. Louisville Electric Light Co., 37 S. W. 851; Clement v. Electric Light Co., 11 So. 51;

Perham v. Portland Electric Co., 53 Pac. 14; Brown v. Edison Electric Light Co., 46 L. R. A. 735; Lewis' Administrator v. Louisville Elc. Light Co., 50 S. W. 992; Overall v. Louisville Electric Light Co., 47 S. W. 442; Brush Electric Light and Power Co. v. LeFevre, 55 S. W. 396; Hayes v. Raleigh Gas Co., 41 Am. St. Rep. 796; In the Am. & Eng. Enc. of Law, 2 Vol. 10 page 72.

CORSON, P. J. This was an action brought by the plaintiff to recover from the defendant damages for injuries alleged to have been received by her while attending church in the city of Watertown by the falling of an electric arc light lamp suspended from the ceiling. Verdict and judgment were in favor of the plaintiff, and from the order denying a new trial the defendant has appealed.

A demurrer to the complaint was interposed, which was overruled by the court, and its ruling thereon is assigned as error, and will be first considered. The plaintiff, in her complaint, alleges, in substance, that the defendant is a corporation engaged in the business of furnishing electricity for electrical lights to be used in dwelling houses, churches, etc., in the city of Watertown; that prior to the injury alleged in the complaint the defendant entered into a contract with the trustees of the Methodist church to furnish the appliances and properly and safely suspend and hang a certain arc light in said church, and it was further agreed by the said defendant to keep the said light and the appliances incident thereto in a good and safe condition and repair, and to furnish the necessary carbons therefor; that under and by virtue of the said contract and agreement it became and was the duty of the said

defendant to not only properly suspend said arc light to be used in the lighting of the said church, but it became and was its duty to keep the said light and all the appliances incident thereto in a good and safe condition and repair; that the trustees of the said church paid the defendant for said care and attention to said light, and relied upon it to comply with the agreement and keep and maintain the light in a good and safe condition; that prior to the injury set forth the said light became out of repair, unsafe, and insufficient for the purpose for which it was to be used, of which the defendant company was notified a short time prior to the injury complained of, and the said company was requested to make the necessary repairs; that one of the defendant's servants pretended to repair the said light, but negligently and carelessly failed and neglected to properly repair the same; that on or about the 2d day of June, 1901, while the plaintiff was attending services in the said church, and without any knowledge on her part of the unsafe, insecure, or dangerous condition of the said light or of its appliances, and without any negligence on her part, and while sitting under the said light, by reason of the negligence of the said defendant the same fell upon her without any warning, thereby painfully and severely injuring her.

It is contended by the appellant, among other things, that the complaint is insufficient for the reason that it is not alleged that the defendant was the owner of the church or the owner of the arc light which caused the injury. We are of the opinion that the contention of the appellant is untenable. It will be noticed that it is alleged in the complaint that the defendant agreed with the church authorities to hang and care for the said light, furnish it with carbons, keep it in order, and supply

it with the necessary electricity to produce the required light, for a consideration paid by the said church authorities. Notwithstanding the church and the arc light were owned by the church society, the electricity, as we have seen, was furnished by the defendant, and the hanging, care, and custody of the light were under the control and management of the defendant. For reasons more fully hereinafter stated, we are of the opinion that the court ruled correctly in overruling the demurrer to the complaint.

On the trial it was shown that the defendant originally furnished the arc light, and superintended the hanging of the same, but that a year or more prior to the injury complained of the light and the machinery in connection therewith in the church became the property of the church. It was also shown that under the contract between the authorities and the defendant the defendant agreed to furnish the required electricity for said light, and also agreed to keep the said light and the machinery connected therewith in good order, furnish carbons, etc. It was further shown that prior to the injury complained of the light worked badly, and notice was given to the defendant to repair the same and put it in order; that in compliance with the said request the defendant sent an employe, who had had about two months' experience, to make the necessary repairs; that he made some slight changes on the evening of the injury, but left the church before the light was really in good working order; that subsequently, during the services, the light again worked badly, and thereupon fell upon the plaintiff, who was sitting immediately under the same.

It is contended by the appellant that when the defendant transferred the arc light to the church it ceased to be liable

for any injury caused by the fall of the same, and the defendaut seeks to invoke the principle that one who constructs or builds machinery is only answerable to his employers for want of care or skill in the execution thereof, and he is not liable to third parties for accidents or injuries which may occur after the completion and delivery of the machinery, as laid down in Losse v. Clute et al., 51 N. Y. 494, 10 Am. Rep. 638, and Loop v. Litchfield, 42 N. Y. 351, 1 Am. Rep. 513. In the former case an action was instituted for damages resulting from injuries caused by the explosion of a steam boiler against the party who manufactured the same. The Court of Appeals of New York held that the action could not be maintained, for the reason that the boiler had been manufactured and delivered to the party operating it, and the defendant was not, therefore, liable to the party injured. It will be observed in that case that the steam boiler had been delivered and accepted by the party who was operating the same, and that the person injured was a third party having no connection with the defendant, and to whom the defendant owed no duty. In that case the court says: "They contracted with the company, and it did what was done by them for it and to its satisfaction, and when the boiler was accepted they ceased to have any further control over it or its management, and all responsibility for what was done with it devolved upon the company and those having charge of it, and the case falls within the principle decided by the Court of Appeals in the Mayor, etc., of Albany v. Cunliff, 2 N. Y. 165, which is that the mere architect or builder of a work is answerable only to his employer for any want of care or skill in the execution thereof, and he is not liable for accidents or injuries which may occur after the execution of the work."

We are of the opinion that the principle established by the cases which we have just cited is not applicable to the case at bar. In the case before us the defendant not only furnished and suspended the electric arc light, but it had agreed to keep the same in good repair, to supply the necessary carbons and electricity necessary for its proper use. The defendant, with full knowledge of the dangerous character of the force it supplied, was bound to use the same with a care commensurate with the danger of its employment; and if the injury, as found by the jury, was caused by the defendant's negligence in its care and management of the light, it is liable to the plaintiff for the injuries sustained. As we have seen, the defendant's duty did not cease upon suspending the arc light and its acceptance by the church trustees, but continued by reason of its agreement to furnish carbons, and to keep the light in good repair, and to supply the electricity required for the same. The case of Thomas, Administrator, v. Maysville Gas Co., 56 S. W. 153, 53 L. R. A. 147, establishes the principle which, in our opinion, should control in this case. In that case it was held: "A corporation which generates and sends electricity into the wires of a street railway company is chargeable with the duty to see that such wires are properly insulated, and it, as well as the street railway company, is liable for failure to perform that duty, if a person is killed because the wires are not properly insulated." In that case the street railway company operated an electric car line, and the defendant gas company was engaged in the business of furnishing gas and electricity. The defendant, under a contract with the street railway company, supplied the electricity necessary for operating the car line, but the defendant had no interest in the railway company. The

railway company not only operated its own road, but owned the wires through which the electricity passed. A third party came into contact with one of the wires by reason of its want of insulation, and was thereby killed. His administrator brought the action against not only the railway company, but also the gas company that furnished the electricity. A judgment having been directed in favor of the gas company, the plaintiff took an appeal. Judgment was also rendered against the street railway company, from which no appeal seems to have been taken. The question, as stated by the Supreme Court, is, was the defendant gas company responsible for the death of the plaintiff's intestate, if such death was the result of negligence of the said company in failing to keep the wires charged by the gas company with electricity properly insulated? The court held the gas company liable, and reversed the ruling of the lower court in directing a verdict in favor of that company. It does not appear from the statement of facts in that case that the gas company was under any contract to keep the wires in proper condition, but the court held, notwithstanding that fact, that it was its duty to see that they were properly insulated, and that the public were properly protected from the dangerous element furnished by the company. The case at bar, as will have been observed, presents some stronger elements against the defendant than was shown in that case. In the case at bar the defendant not only furnished the electricity necessary for operating the arc light, but it obligated itself to keep the same in repair and in good order. Clearly, under such a contract, it was liable for any injury resulting from its negligence in suspending, care, and management of such light. The case of Excelsior Light Company v. Sweet,

18 S. D.—9

57 N. J. Law, 224, is somewhat analogous to the case at bar. It was an action against an electric light company for damages for injuries resulting from the fall of one of its lamps suspended in a street of the city, caused by the negligence of the defendants. In that case the electric light company owned the wire and the electric light lamp, and furnished the electricity for lighting the same. The court affirmed the judgment of the court below holding the electric light company responsible for its negligence in causing the injury to plaintiff, who was injured by the fall of the lamp while passing along the street under the same. Of course, the fact that the electric light company owned the arc light as well as operated the same had some influence upon the decision of the appellate court. But it would seem that the court would have taken a similar view had it been shown that the city owned the electric light lamp, and that the electric light company was under a contract to keep it in good order and furnish carbons and electricity necessary for lighting the same. As was stated in Thomas, Administrator, v. Maysville Gas Company, supra, the question presented here is a new one, upon which no decisions have heretofore been made. But we are of the opinion that, where an electric light company not only furnishes the electricity, but contracts to furnish the carbons and keep the light in proper repair and order, such company is liable for injuries caused by the negligence in the suspension and management of such light. As before stated, electricity is an exceedingly dangerous element, and must necessarily be under the control of persons who are familiar with the management of electrical machinery and appliances.

Neither the church authorities nor persons in attendance

upon church services were presumed to know whether the electrical lamp was in order or properly suspended. But it was the duty of the company to know and see that the lamp was so properly suspended, and kept in good working order. It is true that in this case the cause of the falling of the electric lamp was not distinctly shown, but there was evidence tending to prove that the upper part of the lamp became overheated, and that the small cotton cord by which the same was suspended was burned off or charred so that it became so weakened that it was not able to sustain the lamp suspended by it, and we think that the jury was fully warranted in finding such to be the fact from the evidence introduced, as it evidently did. That the lamp was out of order and working badly immediately prior to its fall was clearly shown. As we have seen the company was notified that the lamp was out of order and was working badly, and that it attempted to repair the same by sending an experienced workman to make such repair. That he failed to remedy the difficulty is also shown by the evidence. In our opinion the evidence was amply sufficient to justify the verdict of the jury, and the motion for a new trial was properly denied.

The order denying a new trial is affirmed.