## Central City Ice & Cold Storage Co. v. Tuck.

(Decided April 26, 1911.)

Appeal from Muhlenberg Circuit Court.

1.  Master and Servant—Injury to Servant—Neglect of Master to Furnish Sufficient Light.—A servant who is injured in doing work as he was directed by the master when he could not see the danger by reason of insufficient light, may recover where a better light had been promised and the place was not reasonably safe for doing the work assigned him and he did not know, and by ordinary care, could not have known of the danger.

2.  Same—Instructions.—The court having by his instructions excluded certain matters from the consideration of the jury as ground of recovery, the defendant was not prejudiced by the failure of the court to tell the jury that plaintiff could not recover on account of the matter so excluded; this being the necessary effect of the instructions the court gave.

BROWDER & BROWDER for appellant.

J. K. FREEMAN, Jr. and N. M. ELLIOTT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Andy P. Tuck was in the employ of the Central City Ice & Cold Storage Company as its night engineer, and was injured on March 18, 1909, after he had been in the employment of the Company about ten days. He brought this suit against the Company to recover for his injury. The proof for him on the trial showed in substance these facts: He came on duty at six P. M. It was a blustery, windy evening. It was his duty to run the machinery, do the firing, look after the engine and pumps, and take out the ice. There was no one else there at night but him. When he got there the day crew was about to leave. They left the fires down, and he set to work on the fires to get them up. While he was doing this, and after he left, the engine stopped. He wished to start it up as quick as he could. The ammonia was wasting, and he was directed not to allow the engine to stand still. He had lighted a lantern which he had by him. He went to the engine and pitched it over but it failed to work. He then pitched it over again, and as it moved picked up a little release. The spring was weak and as he went to make it lift up his hand was caught and a piece of

steel about an inch square ran into his hand where the thumb joins to the palm. He was starting the engine in the way he had been told to start it and in the way that the day man himself started it and had showed him how to start it. The only light he had was the lantern, and the slide caught his hand in the dark. He did not have sufficient light to see the danger it was in. When he went to work the superintendent told him he was going to put in a small engine and generator to light the plant with electricity; that he was going to do this before he started up, but he ran out of ice and the weather was getting warm and he had to make a run; he was going to make one room full and then do the repairing and fixing up of the light plant. Before the repairing had been done or the light put in, his hand was caught as above indicated.

On the other hand, the proof for the defendant was in effect that no promise had been made to Tuck about putting in an electric light; that if there was a lack of light it was due to his not lighting the lamps; that he was not shown to start the engine in the way in which he started it, and that this was a dangerous and improper way to start it.

The Court in substance instructed the jury, that if the defendant failed to furnish a sufficient means of lighting the plant, and by reason of this it was not a reasonably safe place for the plaintiff to do the work required of him; and further, that prior to the injury the defendant's superintendent had promised him to install another system, and the plaintiff had proceeded to work in the plant relying upon this promise, and while he was so working, and before it had a reasonable opportunity to install the new system of lighting, his hand was caught and injured in the latch, as the direct and natural result of the defendant's negligence, they should find for the plaintiff. He also instructed the jury that if the plaintiff was himself negligent, and but for this would not have been injured, they should find for the defendant. The jury found for the plaintiff in the sum of $250. The court entered judgment on the verdict, refusing a new trial, and the defendant appeals.

It is earnestly insisted that the court should have peremptorily instructed the jury to find for the defendant, and that the verdict of the jury is palpably against the evidence. But we cannot agree with either of these con-

clusions. The credibility of the witnesses was for the jury, and we cannot disturb their verdict because they believed one witness rather than another. . If the foreman Hill, had shown Tuck how to start the engine and Tuck was starting it in the way the foreman told him to start it, and his hand was caught and injured by reason of the danger which he could not see in the light that he had, it cannot be said that he himself was guilty of negligence which caused his injury. Tuck's evidence shows that he had all the light that he could have under the circumstances, and the whole evidence is persuasive that Hill had himself started the engine in this way, which confirms Tuck's statement that he had shown him how to start it and showed him this way of starting it. Tuck was an electrician and a machinist, but he had never operated an engine like this, and was not an expert engine man. The case differs from Carey vs. Samuels & Co., 28 Rep., 6. In that case the man who was hurt was the machinist who was in charge of setting up the mill and starting it. He knew the danger and took the risk. The case of Howard v. C. & O. R. R. Co., 28 Rep., 891, is also different. In that case Howard had failed to provide himself with a lantern and was engaged in switching in a railroad yard without a lantern when he knew he ought to have one.

Some evidence was given on the trial as to the governor being out of order and the belt too long. The court eliminated these matters from the consideration of the jury by the instruction which he gave, and it was unnecessary for the court to again tell the jury that they should not find for the plaintiff on account of these matters. This was the necessary effect of the instruction which the court gave.

The verdict is not excessive, and on the whole case we do not see that there was any substantial error to the prejudice of the defendant. Judgment affirmed.