## Matthews v. Gray.

(Decided May 25, 1911.)

### Appeal from Grant Circuit Court.

1. Evidence—Finding of Jury—Where one witness testifies one way, and another witness to the contrary, it can not be said that there is no evidence to sustain the verdict or that the finding of the jury is flagrantly against the evidence.

2. Instructions—Bill of Exceptions—The court can not pass upon the sufficiency of instructions when they are not set out in the bill of exceptions but are referred to only by number, as it has no means of knowing what the instructions contain.

DICKERSON & HOGAN and M. D. GRAY for appellant.

B. F. MENIFEE and CARNES & ERNST for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action the appellee, Mattie Gray, recovered damages in the sum of $300 against N. S. Matthews who prosecutes this appeal.

Appellee and her husband lived upon appellant's farm. Appellee claims that, on February 4, 1909, appellant came to the house which she occupied. There was no one there but her and her baby; her husband was out on the place at work. Appellant stopped at the fence and hallooed twice. Appellee stepped out of the house and appellant remarked that it was a nice day. Appellant then asked her where he could find Bob, his brother. Appellee told him she supposed he was at work. Appellant then told her to get the writing, as he wanted to make a few changes in it. She went and got the paper and started to give it to him, when she saw his face twitch and knew by his expression that her husband had not sent for the writing. She then said: "Doctor, I will

not give you this paper, for Embry did not sent for it."
Appellant said, "yes, he did," and made a grab for it
and got his hands on it. Appellant grabbed for the writ-
ing a second time, and shoved appellee backward over a
sled that was sitting near the fence; he also struck ap-
pellee. Appellant did not get all of the paper, but only
a part of it. When he got the paper he started tearing
it up; whereupon appellee protested, but appellant kept
on tearing the paper. After the difficulty, appellee was
sick and nervous, and was unable to get up for about ten
days. It was five or six weeks before she was able to
do her washing. She sent for a physician. Dr. Valland-
ingham came about five or six o'clock and prescribed for
her. The third day after she was hurt, Dr. Marshall
came. After that he never returned, but sent her some
medicine.

Dr. Vallandingham testified that, when he called to
see appellee, he found her in a very nervous condition.
and she complained of her right chest and shoulder giv-
ing her pain. Appellee was in bed when he first called
there. Upon examining her, he did not find any marks
or scratches upon her body. Dr. Marshall testified that
he called to see appellee, but made no physical examina-
tion. He found that she was nervous. She complained
of suffering in her back and head.

Appellant testified that he went over to the place look-
ing for his brother, Bob. When he reached the house
where the Grays lived, Mrs. Gray came out and asked
him if he was looking for Bob. He told her that he was,
and inquired whether or not he was at home. She said
she thought he was. While there he thought of a con-
tract he had sent to Gray, which had not been signed,
and asked her if she had it. She told him she had the con-
tract in the house. He then asked her to get it for him.
She did so, bringing it out to the fence and handing it to
him. He then looked at it, and, seeing that it was not
signed, tore it lengthwise. When he had torn up the
paper, appellee said: "Forty men in Crittenden have
seen that paper and know that you are a rascal." He
then walked off, tearing the paper, and went over to his
brother's house. Appellant also says that he did not
snatch the paper out of appellee's hand, nor did he take
her by the arm, nor did he push her backward over a
sled, nor did he strike her at any time; in fact, there was

no sled where they were standing. He was on one side of the fence, while appellee was on the other. He further testified that he had been suffering from heart trouble for some time and was not in a condition to stand any excitement.

It is earnestly insisted that, because appellant is a reputable physician of high standing in the community, appellee's story is unworthy of belief. The credibility of witnesses, however, is always for the jury. Where one witness testifies to one state of fact, and another witness directly to the contrary, it can not be said that there is no testimony to sustain the verdict, or that the verdict is flagrantly against the evidence. These are the only two cases in which the courts have a right to interfere with the finding of a jury.

Nor can we say that the amount of the verdict is excessive. If appellee's story be true, she was entitled, at least, to that amount.

Complaint is made of the instructions, but, as they are not set out in the bill of exceptions, but are referred to only by number, we have no means of knowing what they contain. That being true, we can not pass upon their sufficiency.

Finding no error in the record prejudicial to the substantial rights of appellant, the judgment is affirmed.