## Kincaid v. Bull.

(Decided June 19, 1914.)

### Appeal from Boyle Circuit Court.

1. Trial—Argument of Counsel—Instructions.—Argument upon the interpretation of a certain instruction examined and held that same was fairly open to the construction placed upon it and that the language complained of in that respect did not pass the limits of propriety.

2. Trial—Argument of Counsel—Statements as to Evidence.—Argument complained of examined, and held to be legitimate comment upon the facts disclosed by the evidence. .

3. Fraud—Action—Pleading.—Where an illiterate old negro widow was induced by false representations as to the true purport of the instruments, to execute a note and mortgage upon her home, her institution of an action for damages against the person whose fraud induced and obtained the execution thereof was a sufficient ratification of the note and mortgage which were delivered to an innocent mortgagee, to enable her to maintain the action.

4. Appeal—Review—Questions of Fact, Verdicts and Findings.— Where there is nothing in the testimony of a witness which is inherently improbable or disproved by the circumstances, the verdict will not be disturbed because such witness is contradicted by two others; the credibility of the witnesses is for the jury; and a verdict will not be set aside merely because the jury believes one rather than another.

WM. S. LAWWILL, HENRY JACKSON for appellant.,

JAY W. HARLAN, E. V. PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Celia Bull is a negro widow some seventy-nine years of age. She owns the house in Danville in which she has lived about forty years, having purchased it with money received by her from the United States Government on account of services rendered to the government by her husband in the Civil War. This is all the property she owns, and it is valued at about eight hundred dollars. She receives a small pension also from the government.

She sued D. H. Kincaid in the Boyle Circuit Court charging that on May 4, 1909, by fraud and deceit, the defendant induced her to execute a promissory note payable to L. Q. Nelson in the sum of four hundred dollars, and to execute to said Nelson a mortgage on her home as security for the note; that she is unable to read or write,

and that defendant falsely represented to her that the writing so executed pertained to other business; and that she did not know the true nature thereof; that defendant obtained from Nelson by virtue of the note and mortgage mentioned, the sum of four hundred dollars, and converted the same to his own use, because of which she prayed judgment against him in that amount.

He answered, traversed the allegations of the petition, and alleged that at the time of the execution of the note and mortgage, plaintiff was indebted to him in the sum of four hundred dollars upon an account, commencing September 26, 1907, and ending March 18, 1909 (which was shown to consist of a large number and variety of small items, from forty cents each for some second-hand comforts to fourteen dollars for some windows); and defendant further alleged that plaintiff executed the note and mortgage for the purpose of obtaining money with which to pay defendant the amount she owed him, and with full knowledge of the facts and intention so to do.

Upon a trial of the action, plaintiff offering no instructions, the defendant offered and the court gave the following:

"No. 1. If the jury believe from a preponderance of the evidence that the defendant D. H. Kincaid procured the plaintiff, Celia Bull, by fraud and deceit, to execute and deliver the note and mortgage to L. Q. Nelson, as described in the petition, with the intent to defraud her of the sum of four hundred dollars, and did thereby defraud the plaintiff of said sum, then you will find for the plaintiff, as prayed in the petition, to-wit: The sum of four hundred dollars, with interest.

"No. 2. But, if you believe from a preponderance of the evidence that said loan of four hundred dollars was procured for the plaintiff by the defendant, D. H. Kincaid, he then and there acting as agent for said defendant, and at her instance and request and for the purpose of paying to said D. H. Kincaid the book debt of four hundred dollars, which he alleges she owed him at said time, and if you believe said plaintiff intended to so use said money and did so use said money, then you will find for the defendant."

The jury returned a verdict for plaintiff against defendant in the sum of four hundred dollars, and from the judgment thereon entered, defendant appeals.

1. Appellant first complains of improper argument to the jury by counsel for plaintiff.

Objection was made by defendant to the interpretation placed upon Instruction No. 1 by plaintiff's attorney in final argument to the jury, to the effect that, acting under that instruction, the jury could find for the plaintiff and against defendant upon the fraudulent execution of the mortgage alone, even though they believed from the evidence that the plaintiff was indebted to the defendant in the sum of four hundred dollars at that time, and that the jury could thus leave defendant to his action on the debt.

Upon the making of this objection by defendant, the court admonished the jury that they should try the case upon the law as stated in the instructions, and not upon the statements made in argument of counsel in respect thereto.

Defendant also objected to the statement made by plaintiff's attorney to the effect that plaintiff's evidence showed that the defendant collected or made out the papers for the collection of plaintiff's pension most of the time, and that it was not reasonable to suppose that if she owed defendant this large account claimed by him, and was getting from him more each month, the defendant would permit her to continue to increase the account without requiring her to pay some of her pension money to him from time to time upon the account.

And defendant also objected to the statement made by plaintiff's attorney in final argument, to the effect that defendant designed to take the property of plaintiff.

The court upon these objections admonished the jury that they should try the case upon the sworn testimony.

We are unable to see anything in the argument complained of which passed the limits of propriety. The instruction which was offered by defendant and given by the court, is fairly open to the interpretation sought to be placed upon it by plaintiff's counsel; and the remarks to which objection were made in the other instances, were legitimate arguments upon the evidence.

2. Appellant also contends that the court erred in denying his motion for a judgment *non obstante veredicto*, arguing that the petition does not show any damage suffered by plaintiff, and that the mortgage, under the allegations of the petition, is void and unenforceable.

It is not pretended by appellant that Nelson, the mortgagee, is other than an innocent party to the transaction whereby defendant obtained the four hundred dollars from Nelson upon the note and mortgage mentioned; but appellant contends that the note and mortgage are void in the hands of whomsoever they may come.

However, the record shows that the plaintiff has paid Nelson some interest upon the loan, and that fact and the institution of her action against the defendant is a sufficient ratification of the note and mortgage, establishing it as a valid obligation and lien against her property.

In regard to this payment, she testified as follows:

"Q. Aunt Celia, tell, now, how you happened to make that payment to Dr. Nelson, and what he said to you, and what you said to him, and who sent you to him."

"A. Dr. Kincaid came out there; I just had got a little back money; and Dr. Kincaid come out there and come into the back door. I didn't know he was in there; and he bounced into the door and scared me; and he said Dr. Nelson was going to sell me out; and I says, 'For what?' and he says, 'Going to sell you out for that money.' And I says, 'I have got no money to pay him, because I don't know nothing about it nohow.' And I says, 'You have got no business getting it.' And he jumped at me, didn't grab hold of me, but he jumped at me, and called me an old bitch; and I never had been called that, because I had always kept myself in a particular place, and never bothered to go around in those places, and I commenced crying because he had done called me that; and I says, 'Well, I have got a little money.' He said, 'Well, if you will take that and give him that, you won't have to give him no more.' That was thirty-four dollars; and I thought if that would stop this trouble, I would go and take that and give it to him, and he says, 'You come and bring it to my office;' and you know the man was going to sell me out that day, so I takes this thirty-four dollars and takes it to the office, and he said he needed four dollars, and he took that much money, and I owed Mr. Terhune seven dollars, and he wanted to take that, and Mr. Terhune sitting right there. That is how come me to * * *"

"Q. Did you take the balance of the money to Dr. Nelson? A. Took the balance of that. He told me to take that and tell him I would give him the other some other time. And I took it, and I says, 'Here is this

money, Dr. Nelson, I am not able to give it to you, but if it will stop trouble, I will give it to you.' I says, Dr. Kincaid said you were going to sell me out,' and he says, 'Why I never thought of such a thing.' "

3. It is also insisted by appellant that the verdict is not sustained by the evidence.

Plaintiff testified that defendant represented to her that the mortgage and note were papers necessary to be signed by her by which she would obtain some money in consideration of the opening of a street which had been or was to be run in front of her house taking a portion of her lot; and that she signed the note and mortgage in ignorance of their true purport, relying upon the statements made by defendant in respect thereto; that at that time she did not know Nelson, never borrowed any money from him, nor authorized any one to do so for her; that she did not then owe the defendant anything, nor did she make any arrangement to pay him anything. Defendant admits that he himself went to Nelson and asked him if he wanted to loan some money, and that there was no direct dealing between plaintiff and Nelson; that he got the four hundred dollars from Nelson and kept the whole of it, claiming that he applied it in payment of the amount she owed to him.

There is nothing in the testimony of plaintiff concerning the execution of the note and mortgage which is inherently improbable nor disproved by the circumstances; and the verdict will not be disturbed as not sustained by the evidence, because defendant and another person who occupied the same office with defendant and who was present when the note and mortgage were executed, testified in contradiction of the plaintiff. The credibility of the witnesses is for the jury, and a verdict based upon conflicting testimony will not be set aside merely because the jury believes one rather than another. Central City I. & C. S. Co. v. Tuck, 143 Ky., 346, 136 S. W., 642; Higgins v. Dean Gas Engine Co., 140 Ky., 44, 130 S. W., 800; Cincinnati Tobacco Warehouse Co. v. Garvey, 128 S. W., 86; Matthews v. Gray, 143 Ky., 842, 137 S. W., 517.

Judgment affirmed.