## Compton v. Wilkins, By et al.

(Decided May 13, 1915.)

### Appeal from Edmonson Circuit Court.

Libel and Slander—Verdict—When Not Excessive.—In an action for slander where the false words spoken charged a female with

the crime of fornication, this court will not say that a verdict for $2,000 was excessive.

SIMS, RODES & SIMS for appellant.

LOGAN & HAZELIP, M. M. LOGAN, JOHN A. LOGAN and GEORGE McCOMBS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Minnie Wilkins, by her father as next friend, sued the appellant and recovered a $2,000 verdict against him for slander. It was alleged that the appellant falsely and maliciously spoke of and concerning her in the presence and hearing of divers persons certain slanderous words—unnecessary and too vulgar to copy here, but "thereby meaning that Minnie Wilkins had committed the crime of fornication and was a lewd woman."

The defendant answered and admitted he "spoke the substance or meaning of the words alleged in the petition and that the effect of the same was that plaintiff had been guilty of the crime of fornication, though defendant denies he used the very terms as alleged or that said words were false or malicious."

By a second paragraph the defendant plead in mitigation that he did not originate the charge, but, without malice, merely repeated a rumor of common currency in the neighborhood to the effect that the plaintiff had been "unduly intimate with men and boys."

By the third paragraph he plead the truth of the rumor, as follows:

"He alleges that said rumor, that plaintiff had been guilty of fornication, and defendant repeating of the same, and the substance of the charge in the petition to the same effect, was and is true."

As already stated, the jury returned a verdict for plaintiff in the sum of $2,000, and the defendant appeals from the judgment rendered thereon, and urges two grounds for reversal. First, the verdict was excessive, and, second, because of errors in instructions Nos. 1 and 2.

At the time of the trial, the plaintiff was 17 years old, and the circumstances detailed in the testimony, and which defendant says gave rise to the rumor upon which he based his charge, occurred about two years before the trial, and during a term of the public school which the plaintiff and many of the witnesses were attending. Defendant introduced three school girls to testify in his

behalf.   One of them told of seeing a note written by
the plaintiff to a boy in school.   This note, and the con-
duct of the parties, indicated an engagement for the
purpose of fornication.   In a short while, she saw the
plaintiff and this boy leaving the school room according
to the arrangement stated in the note.   Another witness
testified to seeing the plaintiff and this boy in the act
of sexual intercourse at a time and place which corrobo-
rated the testimony of the first witness.   The plaintiff
and the boy deny this testimony in toto.   Another wit-
ness for defendant testified that she saw the plaintiff and
still another boy in a secluded place in an old field.   She
relates other facts about this circumstance which indi-
cate that their purpose was fornication.   The plaintiff
denies this and proves by other witnesses who heard the
testimony of the accusing girl, at a former trial, that she
then located these things as happening at a different
place.   The boy referred to does not testify.   Plaintiff
introduced a number of witnesses who impeach the
character of the accusing witnesses for truth and virtue.
The defendant also introduced a number of witnesses
who testified that the character of plaintiff was bad for
truth and virtue.   We refer to the testimony merely to
show its conflicting nature.   It was the province of the
jury to weigh it.   They believed the plaintiff and her wit-
nesses, and reached the conclusion that she had not been
guilty of fornication.   We cannot say that an award of
$2,000 is excessive compensation for the injury this girl
sustained by reason of these false charges.

The jury were told by the first instruction:

"It is admitted that the defendant, Warren Comp-
ton, spoke of the defendant, Minnie Wilkins, the words
set forth in the petition, to-wit:   (The words were then
set forth), or substantially those words; now if the jury
believe from the evidence that the same was untrue or
falsely spoken of the plaintiff by defendant, they will
find for the plaintiff such damages as they may believe
from the evidence said Minnie Wilkins may have sus-
tained in her reputation, not to exceed the sum of
$5,000."

This instruction further authorized the jury in their
discretion, to find punitive damages against the defend-
ant if they believed he spoke the words maliciously.

Complaint is made of the court for failing to say to
the jury of the words spoken, "thereby meaning that
Minnie Wilkins had committed the crime of fornication."

Appellant in his answer admitted that he did speak the words, or their substance, intending to charge the plaintiff with the crime of fornication, and further plead the truth of the charge. The words spoken clearly implied such a charge, and as defendant admits that he made the charge, he cannot complain at the failure of the court to further emphasize the admission.

Instruction No. 2 is as follows:

"If the jury believe from the evidence that the words spoken by defendant, as set out in the foregoing instruction, or in substance those words, were at the time they were spoken true, and that the said Minnie Wilkins had theretofore been guilty of fornication, they will find for the defendant."

Appellant complains that before the jury could find for him under this instruction they were required to believe, not only that Minnie Wilkins had been guilty of fornication, but that she was a nuisance in the neighborhood, and that as many as three men would testify that she was the worst woman in the country, and that a great many boys had intercourse with her. It is inconceivable that the jury could have been misled or the defendant prejudiced by this instruction. There was but one issue and that was the truth of the charge of fornication. The case was practiced on that theory. Plaintiff's evidence went to acquit, and his to convict her of that offense. The proof of fornication tended to establish the truth of all the other statements, and the jury could not believe one without believing the other. In other words, the meaning of all the language was that plaintiff had been guilty of fornication. The petition so charged, and this was admitted by the answer and appellant's brief. It follows that appellant was not prejudiced by the fact that before the jury could find for him they were required to believe a number of things, when it is admitted that all the things amount to one and the same thing.

Appellant does not meet the proposition fairly by saying that in the absence of proof, and in the face of his denial, the court erroneously told the jury that the use of these words was admitted. We have already quoted from the answer where defendant admits that he spoke "the substance or the meaning of the words alleged * * * though he denies he used the very terms as alleged." He made no effort to show what were the "very terms" that he spoke of her, nor did he say which

of the alleged terms he did not use. The court very properly accepted this pleading as an admission that he spoke the words as set out in the petition.

Neither do we believe there is merit in the complaint as to the instruction on the measure of damages. Appellee is more entitled to complain on this score. The jury were told that if they believed the charges were untrue they should find for the plaintiff such sum in damages as they believed from the evidence she "may have sustained in her reputation." The instruction should have also authorized recovery for mental distress and humiliation caused by the slander. Appellant complains that the qualifying phrase "if any" is not used after the word "reputation." There was no need of a qualifying phrase as to her reputation if the charges were untrue. In that case, her reputation was good before the false words were spoken and the law will presume she sustained some damages. The court did limit recovery to the amount of damage she *may have sustained* in her reputation.

Perceiving no error prejudicial to the appellant, the judgment is affirmed.