## Pitman v. Drown.

(Decided June 12, 1917.)

### Appeal from Graves Circuit Court.

1. **Libel and Slander—Evidence.—**In an action for slander the words proven must be substantially the same as those charged, and it

is not sufficient to prove words of similar import or conveying the same idea, or substantially the same charge.

2. Libel and Slander—Evidence—Variance.—That the proof shows another was jointly accused by defendant of the crime charged against the plaintiff is not such a variance between charge and proof as to defeat a recovery.

3. Libel and Slander.—A defamatory charge published as an expression of belief is as effectual as if made in positive language, and the fact that the reasons for believing are also given will not affect the question unless these reasons explain away the charge.

4. Libel and Slander—Plea of Privileged Communication.—The defense of privileged communication must be pleaded to be available, and can not be relied upon where the only defense pleaded is a simple denial of the utterance.

5. Libel and Slander—Measure of Damage—Instructions.—The law will presume that a person of good reputation has sustained some damage from a slanderous publication and the omission from the instruction defining the measure of damages, of the words "if any" after the phrase "for any damage done to his reputation" is not prejudicial.

6. Appeal and Error—Reversal.—A reversal will not be ordered for failure to give an instruction upon a question not covered by an offered instruction.

HESTER & HESTER for appellant.

HOLIFIELD & GARDNER and JOHN W. McDONALD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Charging appellant with having falsely and maliciously spoken to and published in the presence of Ebb Brown and others "that W. J. Drown stole your meat and flour," appellee, in the trial before a jury recovered a verdict and judgment against appellant for five hundred ($500.00) dollars damages. Appellant is asking a reversal of that judgment on the following grounds:

First: That there was a variance between the words charged and those proven.

Second: That incompetent evidence was admitted for appellee over appellant's objection; and

Third: That the instructions were prejudicially erroneous.

1. The slanderous words charged are "that W. J. Drown stole your meat and flour." The proof is that appellant spoke of appellee, W. J. Drown, and another, to Ebb Drown, that "he believed they stole my meat and flour, and told me he believed if I would have their house searched I would find the meat and flour." It is agreed by counsel that the law of slander requires the words

proven must be substantially the same as those charged; that it is not sufficient to prove words of a similar import or having the same effect or conveying the same idea, nor to prove substantially the same charge, but in a different phraseology, although understood to mean the same thing. Taylor v. Moran, 4 Metc. 124; Eissenfelder v. Klein, 5 Ky. L. R. 38; Catlett v. Brumley, 5 Ky. L. R. 322; Renaker v. Gregg, 147 Ky. 368, 25 Cyc. 489. Counsel for appellant insist that the words proven here are not substantially the same as those charged; but by a comparison of the charge and the proof the only difference we can find is that the charge accuses W. J. Drown of stealing Ebb Drown's meat and flour while the proof is that appellant said that he believed W. J. Drown and another stole Ebb Drown's meat and flour. That appellee, in the conversation complained of, also accused another, in conjunction with appellant, and in the same words of the same crime does not alter the fact that he accused appellant of the offense charged and in the exact words. This, certainly, is not a variance nor is the fact that he qualified his charge by the statement that he believed it to be true, for it was very early decided in this state that slanderous words are to be taken in their obvious meaning and import even though preceded by an expression of belief on the part of the speaker that the words were true. Logan v. Steele, 1st Bibb 593; Lovejoy v. Cooksey, 19 Ky. L. R. 87; Nicholson v. Dunn, 21 Ky. L. R. 643. The rule is thus stated in 25 Cyc. 360: "A defamatory charge published as an expression of belief or opinion is as effectual as if made in positive language for which the publisher must be understood to assert or there is in his mind evidence sufficient to convince him that the charge is true and the fact that the reasons for believing are also given will not affect the question unless these reasons explain away the charge." The reasons upon which appellant based his alleged belief, although known to the witness and possibly not believed by him, did not, in any sense, explain away the charge. Appellant and the witness had visited a fortune teller in an effort to locate the stolen meat and flour and had been given a description of the house and the people living in it, where the meat and flour might be found. Upon this information appellant 'expressed his belief that appellee and another were the guilty parties. This reason for appellant's belief not only did not explain away the charge, but evidently was relied upon

by appellant as proof of the charge or at least as giving color to it. If the mere fact that his charge based upon these reasons turned out to be untrue, or were not believed by those to whom spoken, would release the speaker of liability for the utterance, then in no event could the speaker be held liable for his words, even though untrue, if, at the time of speaking them, he said he believed them to be true and gave his reasons therefor, or if those to whom spoken did not believe the accusation. This, obviously, is not the rule. Appellant's only defense was a traverse of the allegations of the petition and under that defense he cannot, of course, rely upon the fact that the person to whom the words were spoken was his son-in-law and claim immunity upon the ground of privileged communication, for this defense, to be available, must be pleaded.

2. The testimony admitted over objections and exceptions, the admission of which is urged was prejudicial error, is the following testimony of Ebb Brown:

"Q. I will ask you if he (appellant) didn't meet you in the road and shoot you with a shotgun because you told Uncle Bill Drown this? A. Yes, he did. Q. I will ask you to state if you haven't known and didn't know that they (two witnesses, Clarence Canter and Gus Johnson) have been witnesses for Mib Pitman in several cases? A. Nearly every case he has.''

The witness was introduced for appellee and upon cross-examination was asked by counsel for appellant as to whether or not the feelings between him and appellant were friendly and the witness had said that they were not very pleasant at that time. He was then asked if he did not have a row with appellant before he told appellee about the conversation, to which he answered "no," and he was also asked if he had not made statements to Clarence Canter and Gus Johnson, contrary to his testimony, and he replied that he had not. The testimony objected to was brought out upon re-examination by attorney for the plaintiff and was in reference to these matters first brought out upon cross-examination by the attorney for the defendant, and defendant is in no position to object to these questions and answers because they were but a cross-examination upon matters first introduced in the evidence by appellant. The first of the questions was asked evidently to explain the cause of the unkindly feelings existing at the time of trial between the witness and the defendant. This was certainly permissible after ap-

pellant had introduced the matter in evidence.  The second question objected to was asked also on re-examination after counsel for appellant had laid the ground for contradicting the witness by Clarence Canter and Gus Johnson, two of appellant's witnesses, and for the evident purpose of showing the improbability of witness having made contrary statements to two parties whom he knew were friendly to appellant.  Even if the question was not proper, the testimony was certainly not prejudicial and does not furnish ground for a reversal.

3.  The objections to the instructions given are that in the second instruction authorizing the jury, if they found for plaintiff, to find damages for any injury done to his reputation, the words "if any" were omitted; that the court failed to define the term "reputation" and that the court failed to give an instruction to find for the defendant "unless the words charged were substantially the words proven and that words of like import or meaning or charging the same offense in different language, would not be sufficient to sustain the action."  It is admitted by appellant that appellee's reputation is good; and it is apparent that the jury believed appellant had uttered the words as charged, which under the first instruction authorized a finding for plaintiff, and the omission of the words "if any" from the second instruction upon the measure of damages, could not have been prejudicial because the law will presume that a person of good reputation against whom such a charge is falsely made, has sustained some damage, as was decided by this court in the case of Compton v. Wilkins, 164 Ky. 634.  Appellant's next objection to the failure of the court to define the word "reputation" cannot be sustained for two reasons:  First, because the word is not one of technical significance and did not require defining; and, second, because appellant did not offer an instruction covering the point.  The third objection to the instruction is equally without merit because the instruction given confined appellee to proof of the exact words charged in the petition and in so doing was even more favorable to appellant than he was entitled, because it excluded the right to recover upon the proof of substantially the same words charged.  Moreover, appellant offered no such instruction.

Finding no prejudicial error in the record, the judgment is affirmed.