## Security Finance Company v. Cook & Son.

(Decided February 14, 1928.)

## Appeal from Shelby Circuit Court.

1. Trial.—In action on notes, refusal to permit jury to have written evidence and exhibits in jury room was not error.

2. Evidence.—In action on notes, defended on ground that defendants did not execute notes, written report of salesman concerning transaction with defendants held properly excluded as hearsay where salesman was alive during trial.

3. Evidence.—Hearsay evidence is incompetent to establish any specific fact which, in its nature, is susceptible of being proved by witnesses who speak from their own knowledge.

4. Evidence.—In action on notes, salesman making report concerning transactions with defendants was competent witness on question whether defendant signed notes, but could not, by making report to employer, have report introduced in evidence, thereby depriving adverse party of right of cross-examination.

5. Appeal and Error.—A verdict of a properly instructed jury will not be disturbed on appeal unless it is palpably against evidence.

6. Bills and Notes.—In action on notes, defended on ground that defendants did not execute notes, positive and unequivocal testimony by defendants denying signing of notes, supported by positive testimony of other witnesses present when transaction occurred, sustained verdict of jury for defendants.

7. Evidence.—In action on notes, defended on ground that defendants did not sign notes, letter by defendant stating that salesman stated notes were only binding when defendant sold set, that defendant sold set, that defendants were to turn over 20 per cent. cash and notes in case set was sold, and denying making such contract in referring to first note falling due, and which defendant explained referred to customer's notes later to be taken held not so unequivocal and unmistakable in meaning as to amount to conclusive admission that defendants executed notes.

8. Appeal and Error.—In action on notes, defended on ground that defendant did not execute notes, evidence of letter in which defendant referred to notes, which was not conclusive admission of execution of notes, and which defendant explained as referring to customer's notes to be taken later, together with testimony of expert witnesses expressing opinions that signature on notes was in same handwriting as signatures admitted to be genuine by defendant held not to render verdict of jury for defendant palpably against evidence sufficient to sustain judgment for defendants.

9. Evidence.—Opinion of experts, while competent to be considered by jury, is weakest evidence known to law.

10. Appeal and Error.—Verdict of properly instructed jury will not be disturbed on appeal simply because jury credited one set of witnesses rather than another.

TODD & BEARD for appellant.

GILBERT & PICKETT, R. F. MATTHEWS and GEO. L. WILLIS, JR., for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This action was instituted in the Shelby circuit court by the Security Finance Company to recover judgment on six notes, aggregating $563.40, alleged to have been executed by A. L. Cook & Son to the Brenard Manufacturing Company, and by it transferred in due course to the plaintiff. A. L. Cook & Son denied the execution of the notes, and the sole issue presented to the jury on the trial was whether the notes were executed by the defendants. The jury found for the defendants.

In a motion for a new trial the appellant complained (1) that the verdict was palpably against the evidence; (2) that the court erred in not admitting in evidence Exhibit No. 12, which was a report of the salesman; and (3) in refusing to permit the jury to have certain exhibits in the jury room. The new trial was refused and the plaintiff appeals, urging here the same grounds presented in the circuit court.

We will dispose of the contentions in inverse order of the statement. It is clear that no error was committed in refusing to permit the jury to have the written evidence and exhibits in the jury room. In some jurisdictions this practice is allowed, but it has never been adopted in Kentucky. In Watson v. Watson, 137 Ky. 25, 121 S. W. 626, it was explained that any proper paper which the jury desired to examine should be submitted to them, but only in the presence of the court and counsel, and it is unnecessary for the jury to have in the jury room any papers other than the court's instructions. This doctrine has been reaffirmed quite recently. Williams v. Watson, 207 Ky. 256, 268 S. W. 1067.

Equally unavailing is the insistence that Exhibit No. 12, which was the salesman's report, should be admitted in evidence. It was the written statement of a living witness about the transaction with the defendants. Hearsay evidence is incompetent to establish any specific fact, which, in its nature is susceptible of being proved by wit-

nesses who speak from their own knowledge. Hopt v. Utah, 110 U. S. 581, 48 S. Ct. 202, 28 L. Ed. 262.

The salesman was a competent witness as to whether defendants signed the notes, but he could not, by making a report to his employer, have it introduced in evidence, and thereby deprive the adverse party of the right of cross-examination.

The other problem is not so easy of solution. It is the rule in this state that the verdict of a properly instructed jury will not be disturbed unless it is palpably against the evidence. Bell v. Keach, 80 Ky. 42; Adams Express Co. v. Tucker, 161 Ky. 741, 171 S. W. 428; Kincaid v. Bull, 159 Ky. 527, 167 S. W. 903.

The issue here was whether the six notes had been executed by Cook. In support of the verdict of the jury is the positive testimony of Cook that he did not sign the notes, supported by the equally positive testimony of G. M. Glass that he was present when the transaction occurred, and that Cook did not sign any notes, and signed only one paper one time. Cook is likewise supported in his testimony by J. E. Cain, who was there and saw Mr. Cook sign only one paper. This testimony is not equivocal or evasive, but is direct and positive. It fully sustains the verdict of the jury. It remains to determine whether the evidence for the appellant was sufficient to overthrow the case thus made out for the defendants, and render the verdict of the jury palpably against the evidence.

The salesman who negotiated with Mr. Cook was not introduced, and we do not know his version of the transaction. It appears that the Brenard Manufacturing Company, upon receipt of the notes and contract from the salesman, wrote A. L. Cook & Son a letter accepting the supposed contract and sending a copy of it and a copy of the notes. Thereupon Cook wrote the company a letter in which he stated that the contract they had sent was not what was explained to him, and proceeded to give his version of the transaction. In the letter he said: "The notes he explained are only binding when we sold a set." It was also stated in the letter, in giving Cook's understanding of the contract: "We were to notify you when every sale was made and send you your part, and if sold on the installment plan, to turn over to you the 20 per cent. cash and notes and to keep said radios for six months, and if not sold, to return them to you." The letter also says, referring to the first note falling due on

December 9th: "We made no such contract." This letter is not so unequivocal and unmistakable in meaning as to amount to a conclusive admission of Cook that he executed the notes. The other evidence is the testimony of some expert witnesses, one of whom was familiar with the handwriting of Mr. Cook. P. R. Beard, a banker, expressed the opinion that the signature on the notes was in the same handwriting as the signatures which Cook admitted were genuine. On cross-examination, he did not strengthen his stated opinion that, from the appearance of the two signatures, they were written by the same man. J. D. Middleton, another banker, expressed a similar opinion. He stated that the signatures "seemed to be the same, that would be my impression, there is a similarity, very much alike to me." On cross-examination, he stated he would not swear to it, but it looked like the same handwriting. C. E. Frye was also a banker and acquainted with Cook's signature. He stated that the signature on the notes looked very much like Cook's handwriting, but he did not say positively that they were in his handwriting. The experts simply expressed opinions without any supporting reasons or reasoning. We have inspected the original signatures on the letter and the notes, and the resemblance is very marked. But the jury likewise considered that fact. Cook explained that his reference in the letter to the notes referred to the customer's notes later to be taken. He frankly admitted that the signatures on the notes resembled his, but positively denied that they were his signatures.

It is well settled that the opinion of experts, while competent to be considered by the jury, is the weakest evidence known to the law. Strode v. Strode, 194 Ky. 665, 240 S. W. 368, 27 A. L. R. 313.

It is equally well settled that the verdict of a properly instructed jury will not be disturbed simply because the jury credited one set of witnesses rather than another. Kincaid v. Bull, 159 Ky. 527, 167 S. W. 903; Southern Ry. v. Alford, 150 Ky. 808, 150 S. W. 985; Traveler's Ins. Co. v. Rustin, 151 Ky. 103, 151 S. W. 366.

Indeed, this court has held that where a party's own testimony in his direct and cross examination was conflicting, it was for the jury to harmonize it and give such credence as the whole testimony merited. C. & O. Ry. Co. v. Conley, 136 Ky. 601, 124 S. W. 865.

The jury saw the witnesses and observed their demeanor, and we are unable to say that its verdict in this case was palpably against the evidence.

Judgment affirmed.