# Westfall v. Commonwealth.

(Decided March 19, 1929.)

RAYMOND CONNELL for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Phillip Westfall was indicted for the crime of unlawfully transporting spirituous liquor, with a charge of a previous conviction for violation of the same provision of the prohibition law and on trial was convicted and sentenced to serve 18 months in the penitentiary. He has appealed to this court, insisting that he was entitled to a peremptory instruction of not guilty; that incompetent evidence was admitted against him; and that the verdict of the jury is flagrantly against the evidence.

It appears that the sheriff of Bourbon county procured a search warrant for a Ford touring car belonging to Westfall, and, with some other officers, went to a secret place on the Winchester pike and awaited the arrival of the automobile. In a short time the automobile ap-

proached with Westfall driving and another man riding in it. It proceeded a short distance beyond the place where the officers were hiding and stopped. Westfall's companion left the car and went into an adjoining field. Westfall turned and started on a return journey to Paris. He was arrested and his car searched, but nothing was found in it. The officers did find, however, near the spot where the car had stopped, two five-gallon containers full of moonshine whisky, and identified the man with Westfall as his brother-in-law, Woodford Houston. Houston escaped, but later surrendered. In a few minutes Boone Guy and Hickey Crawford drove up in another automobile which belonged to Westfall. The sheriff also had a search warrant for that car, and found therein two five-gallon containers full of moonshine liquor, exactly like the ones already found. Westfall denied that he transported the whisky or knew anything about it. Houston testified that it was his whisky which he placed there on a previous occasion, and that Westfall was an innocent victim of circumstances, having come with him without knowing the purpose of his errand. It appeared, however, that the whisky was not hidden, but in an open field in plain view from the road some 40 feet distant, and had apparently been dropped there but recently. Westfall had been convicted in the Winchester police court in 1924 for unlawfully transporting whisky. It is apparent that the evidence was sufficient to require submission of the case to the jury. While the officers did not see the whisky in the automobile, the inference was justifiable that it was carried there by Westfall in his automobile.

Appellant insists that it was prejudicial error to admit evidence as to the arrest of Guy and Crawford and the search of their car. The transactions occurred substantially at the same time, and it was a part of the res gestæ. Furthermore, Guy and Crawford were riding in Westfall's car, and, although Westfall claimed later that he had traded the car to Guy, the circumstances were such that it was not error to admit the evidence. If there was no connection between these transactions and parties, appellant was most unfortunate in the coincidence of events. However plausible his argument may be, it did not convince the jury, and that was the tribunal constituted to try the issue of his guilt or innocence.

Complaint is also made that evidence was admitted respecting other distinct offenses committed by Westfall.

but we find nothing in the evidence to support the argument. The only reference made to any other offense was a statement of the sheriff that one of the cars involved in the case was stolen out of Covington, but the court sustained an objection, and the fact as to who stole the car was not developed.

It is finally insisted that the verdict is flagrantly and palpably against the evidence. What has been said concerning the evidence is sufficient to show that the point is not well taken. If the jury believed the evidence of the commonwealth, it was justified in the verdict it made. We are not authorized to reverse a judgment because the jury accepted the testimony of one witness rather than that of another. It is the province of the jury to judge the credibility of the witnesses. Perkins v. Com., 227 Ky. 129, 12 S. W. (2d) 297; Brown v. Com., 226 Ky. 255, 10 S. W. (2d) 820; Stewart v. Com., 225 Ky. 731, 9 S. W. (2d) 1087.

The judgment is affirmed.