## Yates v. Mullins.

(Decided March 13, 1930.)

782

C. R. LUKER for appellant.

W. E. BEGLEY and FINLEY HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Joe Mullins, an infant suing by his next friend, instituted an action against W. F. Yates to recover damages for alleged slander. Plaintiff recovered a judgment for five hundred dollars and the defendant has appealed. The grounds for reversal urged upon the appeal will be considered in the course of the opinion.

1. The first point presented is that the evidence was not sufficient to sustain the verdict. One witness testified to the effect that defendant spoke the slanderous words as alleged. The defendant denied speaking the words, which presented a conflict in the evidence, but did not render the verdict against the evidence. When there is evidence to sustain a verdict, a new trial may

not be granted because of a conflict in the testimony. It is the function of the jury to determine the credibility of witnesses and to deduce the truth from the conflictng tendencies of the proof. Security Finance Co. v. Cook, 223 Ky. 124, 3 S. W. (2d) 187; Westfall v. Com., 228 Ky. 587, 15 S. W. (2d) 467.

2. It is next argued that the words spoken of and concerning the plaintiff were not actionable per se. The petition alleged that on the night of April 6, 1929, the store house of one Hoskins had been broken into and robbed. It then charged that on the following day, the defendant spoke of the plaintiff and another that they were the ones that had broken into the store house of Hoskins. Language must be understood in the light of the circumstances under which it was spoken. It is plain the petition charged the speaking of words which were calculated to be understood as chargng the plaintiff with the commission of a felony. Ray v. Shemwell, 186 Ky. 442, 217 S. W. 351. It is undisputed that words, which impute the commission of a crime involving moral turpitude, for which the defendant might be indicted and punished, are slanderous per se. Hickerson v. Masters, 190 Ky. 168, 226 S. W. 1072; Walker v. Tucker, 220 Ky. 363, 295 S. W. 138, 53 A. L. R. 547; Spears v. McCoy, 155 Ky. 1, 159 S. W. 610, 49 L. R. A. (N. S.) 1033; Abbott v. Vinson, 230 Ky. 786, 20 S. W. (2d) 995.

3. It is next insisted that the court erred in instructing the jury. The defendant offered a series of instructions which the court refused to give, but four of the instructions given by the court were not materially different from the ones offered by the appellant. The court gave an instruction on punitive damages of which complaint is made. When the slanderous words are actionable per se there is a presumption of malice, and it is proper to instruct the jury that they may, in their discretion, allow punitive damages. Courier-Journal Printing Co. v. Sallee, 104 Ky. 335, 47 S. W. 226, 20 Ky. Law Rep. 634; Penna. Iron Works Co. v. Voght Machinery Co., 139 Ky. 497, 96 S. W. 551, 29 Ky. Law Rep. 861, 8 L. R. A. (N. S) 1023, 139 Am. St. Rep. 504. The defendant did not introduce evidence in mitigation, but denied speaking the words, and, if the slander was uttered by him, as shown by the testimony, the court was justified in instructing the jury as it did on the circumstances under which punitive damages could be allowed. Hobson, Blaine & Caldwell on Instructions, sec. 323. Appel-

lant relies upon the case of Commercial Tribune Pub. Co. v. Haines, 228 Ky. 483, 15 S. W. (2d) 306, but it was held in that case that an instruction on punitive damages was proper when the publication was both malicious and false. We find no merit in the criticism of the instructions.

4. Complaint is made that incompetent and irrelevant evidence was admitted. The complaint is addressed to some evidence respecting the arrest and incarceration of the plaintiff subsequent to the speaking of the alleged slander. The evidence was incompetent. The court, however, upon further consideration, excluded the evidence from the consideration of the jury and admonished that tribunal, as emphatically as could well be done, not to consider that particular testimony. No request was made to discharge the jury, or any claim asserted that the jury was prejudiced by the evidence beyond the power of correction by the admonition of the court. Appellant took his chances in going on with the trial. Epling v. Com., 233 Ky. 407, 25 S. W. (2d) ——. The court having told the jury that the evidence was wholly immaterial and must be disregarded, did all that was exacted by the exigencies of the occasion.

5. It is finally insisted that a new trial should have been granted upon appellant's motion based upon newly discovered evidence. A witness for the plaintiff testified at the trial to the effect that the slanderous words were spoken on the porch of appellant's store on the day after the store of Hoskins was robbed. Defendant had no witnesses present to corroborate his own denial of that testimony. After the trial, he filed an affidavit to the effect that he had discovered that the conversation between him and plaintiff's witness on the occasion mentioned was overheard by his two children and another, and the affidavits of the three persons were filed supporting the testimony of defendant. Counter affidavits were filed tending to show that the witnesses could not have overheard the conversation. The circuit court ruled that the evidence was not sufficient to authorize a new trial. Considering the fact that two of the witnesses were defendant's own children and ought to have been discovered sooner, and the further fact that the new evidence, if introduced, would be cumulative and contradicted, we do not think the court abused a sound discretion in refusing to grant a new trial. Isgrig v. Jacoby, 199 Ky. 744, 251 S. W. 945; Johnston v. Williams, 187 Ky. 764, 220 S.

W. 1057. It is argued that the amount of the verdict was unwarranted by the evidence, ⸱ut it is a serious thing wrongfully to accuse a young man of the commission of a felony, and we cannot say that the amount of the verdict indicated any passion or prejudice on the part of the jury. The amount of damages in such cases is largely in the discretion of the jury (Compton v. Wilkins, 164 Ky. 634, 176 S. W. 36; Pitman v. Drown, 176 Ky. 263, 195 S. W. 815), and a verdict will be set aside on that ground only when it appears to have resulted from passion or prejudice on the part of the jury.

The judgment is affirmed.