# Seal v. Fitch et al.

Nov. 10, 1944.

Charles Ferguson for appellant.

H. H. Lovett for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellant, Matthew N. Seal, as plaintiff below, brought this action against H. A. Fitch and wife, Inez, under section 180 of the Civil Code of Practice to recover the possession of certain personal property and $1000 damages for its unlawful detention by defendants. The trial resulted in a verdict for defendants and from the judgment entered thereon plaintiff appeals.

The petition described certain picture show equipment located in three theaters situated in Smithland,

Grand Rivers and Calvert City, Ky., and averred plaintiff purchased same from defendants for $6000 on January 22, 1943, and that he was put in possession of it on that date. That $1200 of the purchase price was to be paid on July 22, 1943, and the remaining $4800 was to be paid in 48 monthly installments of $100 each. It is further averred that after this equipment was delivered to him by defendants they wrongfully repossessed and detained same and that it was not taken under process of court. The answer is a traverse, followed by a counterclaim in four paragraphs setting up certain affirmative defenses which we do not deem necessary to mention or discuss.

Defendants, who resided in Calvert City, Ky., advertised their equipment for sale in a trade journal, and plaintiff, who resided in Winchester, Ky., answered the advertisement and became interested in purchasing it. A considerable number of letters passed between plaintiff and Fitch in which the parties attempted to agree upon the price and terms of payment. Plaintiff had but little, if any, capital, and Fitch wrote him on January 11, 1943, calling off all former propositions and submitted in substance the one declared on in the petition. On January 16th, Fitch again wrote plaintiff to arrive in town Friday (January 22nd.) to take over the operation of the three shows.

Plaintiff's testimony is to the effect that he arrived on the 19th, closed the deal with Fitch and took over the theatre at Grand Rivers on the 22nd, and the next day took over the theater at Smithland; that the agreed price for the equipment was $6000, to be paid in installments of $100 per month; that he was put in the box-office to sell tickets and was introduced to the employees of the theater as its new owner.

A. W. Matthews, a brother-in-law of plaintiff, testified that Fitch gave him the keys to the theaters in Smithland and in Grand Rivers so that he might take over and operate them. A day or so later it was discovered that locks had been changed on these theaters and Matthews testified that when Fitch was asked about this, he replied he had made a deal he could not live up to and was backing out.

Fitch denied he ever closed a deal with plaintiff or delivered the keys to any of the theaters or that he put plaintiff in charge of any of the theaters or turned

over to him the equipment. Mrs. Fitch corroborated her husband that the deal was never consummated and that plaintiff was never put in possession of the equipment or the theaters. Bernie Brown, a disinterested witness, was introduced on behalf of defendants and he testified that on January 24th, he asked Fitch in plaintiff's presence if he had "sold out"; that plaintiff spoke up and said, "No, we are just negotiating the deal." Fitch testified that the keys got lost and he put other locks on the buildings to protect his property.

It was shown that the Grand Rivers and Smithland theaters were conducted in rented buildings and that plaintiff never at any time made an attempt to lease these buildings. Nor did he ever apply for a permit which the state requires picture show operators to obtain before commencing business.

Plaintiff does not claim he paid any of the purchase price and he does not prove he was damaged by reason of Fitch's alleged re-taking possession of the equipment after plaintiff contends it was delivered to him. Therefore, the action narrows down to whether the deal was consummated by Fitch delivering possession of the equipment to plaintiff.

Upon sharply conflicting evidence the trial judge in an appropriate instruction submitted to the jury the question of whether or not Fitch sold and delivered to plaintiff the described equipment under the terms shown by plaintiff's evidence and set out in his petition. The verdict was in favor of Fitch and is amply supported by the evidence. Had it been in favor of plaintiff, his evidence was likewise sufficient to support the verdict. It is the province of the jury to pass upon the credibility of the witnesses and the weight of the evidence and where its finding is not flagrantly against the evidence, the verdict will not be disturbed by this court. Peak v. Arnett, 233 Ky. 756, 26 S. W. 2d 1035; Yates v. Mullins, 233 Ky. 781, 26 S. W. 2d 757.

Criticism is made of the first instruction just referred to because it did not tell the jury to find for plaintiff in event it believed he leased this equipment. But both in his pleadings and proof plaintiff relied upon a purchase and delivery to him of the equipment and does not contend that he leased or rented it. Therefore, the instruction is not subject to the criticism directed at it.

Complaint is made that the second instruction only allowed plaintiff nominal damages in the event the jury found for him. Such complaint is not well taken. Had the jury found for plaintiff, the court would have entered judgment that the property be delivered to him. Plaintiff proved no actual damages by reason of being deprived of the possession of this equipment and it follows that he could have recovered only such damages as the law infers he suffered by reason of defendants breaching their agreement, which are only nominal damages. Western Union Telegraph Co. v. Guard, 283 Ky. 187, 139 S. W. 2d 722, 727.

It is insisted that in reading depositions to the jury on the trial many incompetent questions came out and although the court sustained objections thereto and the answers were not read to the jury, yet so many incompetent questions were paraded before the jury that plaintiff's case was prejudiced. His remedy was simple —he should have moved the court to rule on the competency of these depositions before they were read to the jury and in this way no incompetent questions would have been heard by the jury. Not having done so, he is in no position to now complain since the court excluded and refused to let be read answers to the incompetent questions.

The judgment is affirmed.