OPINION of the Court, by
Judge Owsxey.
The appellees brought this action in the court below, for slanderous words spoken of Mrs. Davis. The trial was had in that court on an issue to a plea of justification j and verdict and judgment obtained by the appellees. From this judgment the appellant has appealed to this court, and assigned for error — 1st, That the words laid in the declaration are not actionable- — -2d, That the court erred in rejecting the evidence offered by the appellant on the trial in that court- — 3d, That a new tidal should have been awarded.
The words, when taken in their usual acceptation, oh-viously import a charge against Mrs. Davis for having been guilty of adultery with the appellant ; and as they appear to have been spoken since the passage of the act of 1812, regulating proceedings'in civil cases, they arc unquestionably'actionable.
The evidence which was offered by the appellant and rejected by the court below, conduced in no wise to prove the truth of the charge in the declaration, but went to prove the commission of adultery by Mrs. Davis with other men. That evidence was properly rejected. In actions of slander, the defendant cannot set up a charge of the same thing, but distinct as to the subject matter ; hut if he would justify, he must justify as to the specific charge laid ; nor can he give in evidence, in mitigation of damages, any other crime. Thus in Helsden vs. Mercer, Cro. Ja. 67, the charge was, the plaintiff was a thief and had stolen twenty pounds, and the defendant in justification pleaded that the plaintiff ■had stolen a hen; the court said the words pleaded were as slanderous as the others, and no justification of them, (a) So too in Smithers vs. Dr. Hawson, 1 Ld. Raym. 727, the charge was tire adultery of the plaintiff with J. S. The court said the defendant could not give in evidence the adultery of the plaintiff with any other woman, even in mitigation of damages. And in the case of Andrews vs. Vanduzer, 11 John. 38, the same doctrine is recognized by the supreme court of New York.
With respect to the motion of the appellant for a new trial, it may be observed, the bill of exceptions contains no statement of the whole of the evidence being spread *174 upon tqPreoord; but if it did, the evidence is not of that strong and conclusive character which will authorise this court to disturb the verdict on the ground of its being contrary to evidence.
Judgment affirmed with costs and damages.

 Accord. Eaftland vs. Caldwell, vol. 2, p. 23