Judge Underwood
delivered the Opinion of the Court.
The issue formed, was made upon the plea of payment. By agreement, the parties had leave, under this issue, to give in evidence any matter that might be specially pleaded.
The record states, “that after the parties had closed their evidence, the counsel for the cefendant was proceeding to argue the case to the jury, whereupon the counsel of the plaintiff objected to the defendants counsel proceeding with their argument, and claimed the right to open and conclude the argument; and the question being made to the court, it was decided that the plaintiffs counsel had the right to open and conclude the argument, which was done accordingly!”
We think it fairly inferrible from the exception taken, that both parties gave evidence having a legitimate bearing upon the matters in issue. Irrelevant testimony *526 should have been rejected, and we cannot suppose that any such- was offered. The presumption is, unless the contrary appears, that the evidence was pertinent. If, therefore, the defendant gave any evidence conducing to sustain the plea or issue on his part, the court should have allowed his counsel -to open and conclude the argument.
The opinion of this court in Goldsberry vs. Stuteville, 3 Bibb, 346, goes even further, and gives the opening and concluding-speech to the defendant where he puts in an affirmative plea only, although it is wholly unsupported by evidence. We are not inclined to go to that extreme. When the defendant gives no evidence in support of his affimative plea, we see no íeason for allowing him to open and conclude the argument. The false pleading of a party ought never to be the means of securing to him an advantage. But where there'is any evidence conducing in the slightest degree to sustain the defendant’s affirmative plea, he should be permitted to make-the most of it, by opening and concluding the cause} provided there is no negative plea relied on as a bar, in whole or part.
If the defendant gives no evidence in support of his affirmative plea, there is nothing to argue about, growing out of such plea. If an attorney should attempt to prove by-argument, that the plea of payment was true, when there .was not a particle of proof, 'it would be a disorderly proceeding, for which he ought to be silenced by the court. There' must be facts to base the argument upon. If there are no-iaots, then a false count, or afalsc plea, is an artifice to deprive the adverse party of his right to open and conclude the ' argument. The court 'is not bound to tolerate the trick. By discountenancing it, attorneys will be taught to regard the true objects of pleading, and our records will not be incumbered witli irrelevant counts and pleas. SS e approve the doctrine-laid down on this subject in Sodousky vs. McGee, 4 J. J. Marsh. 275.
As we must presume that the evidence admitted had some relevancy to the matters in issue, we think the court erred'in refusing to let the defendant open and *527 conclude the argument. If the record had stated that there was no evidence in support of the plea, we should then have entertained a different opinion.
Dissent,
Judgment reversed, with costs, and cause remanded for new trial.
Judge Nicholas concurs in the reversal of this case, but he thinks the matter of practice, as to where the right belongs of opening and concluding, settled in Goldsberry vs. fituteville, should not now be disturbed even if that case were wrong; but lie thinks the case is right, and that settles the point on correct principles.