Judge Ewing
delivered the Opinion of the Court.
Haydon declared against Young, in two counts, for a malicious prosecution; to which he added, a count in trover and conversion of a thousand dollars in silver.
To the two first counts, the defendant plead probable cause, and to the last, not guilty.
After all the evidence was given, the Court, at the instance of the counsel for the defendant, instructed the jury, that there was no testimony in support of the last count, and that they should find for the defendant, on the issue thereon; whereupon, the counsel for the defendant asked permission of the court, to open and conclude the argument; which was refused by the court, and this refusal of the court presents the only point for the consideration of this court.
Placing the issue upon the trover count out of question, the case then stands upon the plea of probable cause. Had any proof been adduced in support of this plea, the defendant’s counsel would have had a right to open and conclude the argument. But in the absence of all proof, the court ought not to permit the defendant’s counsel to have this privilege. A sham plea, or sham count, without proof tending to sustain them, ought not gain for either party, this important advantage. Sodusky vs. McGee, 4. J. J. Marshall, 275; Daviess, vs. Arbuckle, 1. Dana, 525.
The record in this case is wholly silent as to the proof adduced on the issue of probable cause. . It does not appear that any was offered on the part of the defendant in support of his plea.
It devolves on the defendant, who moved the court *146 below for this privilege, to make out his right to the same. lie could only do so by showing that he had given some evidence in support of his plea. That court having overruled his motion, we are bound to presume that it did right, upon the ground that no evidence was given, until the contrary is shown to this court. It is not shown by the record.
It is therefore considered by the court, that the judgment of the circuit court be affirmed.