Judge Marshall
delivered the opinion of the Court.
This case was tried in the Circuit Court, upon an appeal from judgment of a Justice of the Peace, rendered against Wheatly, the plaintiff m the warrant,
jn ^g Circuit Court, Phelps, the defendant and appellee, was permitted to file a plea of payment, notwithstanding the objections of the plaintiff. A verdict and judgment having again passed for Phelps, and a motion for a new trial having been overruled, Wheatly prosecutes a writ of error; and, by his assignment of errors* *303 questions the opinion of the Circuit Court, in permitting the plea to be filed; in permitting Phelps to have the opening and concluding argument before the jury, and in overruling the motion for a new trial.
In appeal from a Justice to a Circuit Court, the defendant in the warrant may still plead in writing if he will, tho’ the statute dis— the Court is not bound to reject any that presents an appropriate issue. penses with such gáry%iY™ma* be rejected; but
Non-assumpsit is broad enough to admit pro of of ailf defence, and payment is generally proved unmay plead payassumpsit; by ^uhe^emand did once exist, takes'i686*3’'an<1 i upon hims®lf lhe burden of proving the payment. Then, . . if there is any evidence in support of the plea, he has the opening and conclusion: but not uponashamplea, unsupported by proof.
We shall notice these points in the order in which they have been stated.
The warrant was brought to recover money received by Phelps for Wheatly; it demands fifty dollars, with interest, due by account, and is in the nature of an action of assumpsit for money had and received to the plaintiff’s use.
The statutes regulating appeals to the Circuit Court, from the judgments of Justices of the Peace, although they dispense, in general, with the necessity of pleading, do not entirely deprive either party of the right to present the facts of his case in that form. On the contrary, they evidently contemplate the use of pleadings; subject to the discretion of the Court, and to such order as it may deem necessary for a speedy and fair trial of the case upon its merits. 2 Stat. Law. 893, and 897; Davis vs. Young, 3 Mon. 384; Kirk vs. Williams, 4 Mon. 413. The Circuit Court may, under the statute, reject such pleadings as are obviously unnecessary to bring the case to a fair trial; but we cannot say it is bound to reject any plea offered by a defendant, which presents an appropriate issue, and would be properly admissible in a similar case commencing by capias in that Court.
In the action of indebitatus assumpsit, the general plea r ., . , ,. j et non-assumpsit is, m modern practice, so comprehensive as to admit evidence of almost every matter which • i i . , ■ i can constitute a bar to the action; and under this plea, the fact of payment may be, arid almost universally is, proved. But it does not thence follow, that the plea of payment amounts to the general issue, or that it is inadmissible. It does not deny what the plaintiff would, in the first instance, be bound to prove in support of his action, or the general issue; but admits the contractas alleged in the declaration, and avoids the cause of action by affirmative matter. And there is no doubt that . . *304 although payment is usually given in evidence under the general issue, it may at the option of the defendant, be specially pleaded. 1 Chit. Pl. 499—ib. 474;—Holton vs. Morse, 3 Salk. 273: Paramon vs. Johnson, 12 Mod. 376-7.
The fact, that the party not entitled to them, obtained the o■pening and concluding speeches, is not available as error, unless it appears (by bill of exceptions) that his ■adversary claimed this right, and lost it by the •decision of the •Court.
A def’t. pleads payment, and to prove it, introduces evidence o t transactions with others, similar to thosehe had with the plaintiff, in the course of which, he said that he had satisfied the plaintiff’s debt: this is no evidence of the fact. And though the plaintiff failed to object to it, or to move its exclusion, a verdict founded on such evidence, cannot stand.
*304 However unusual, therefore, it may be, either in the action of assumpsit, or on the trial of an appeal in the Circuit Court in a case of assumpsit, for the defendant to plead payment specially, the plea is appropriate and legal, and we cannot pronounce its admission in the present case, to have been erroneous. Nor did the plaintiff, as we conceive, sustain any injury by it. The plea in effect admitted, that he once had a just demand as set forth in the warrant, and the account which accompanied it to the Circuit Court, and threw upon the defendant the burthen of proving the matter set up in bar. The principal ground of objection to its admission seems to have been, that being affirmative, it would give to the defendants the opening and conclusion of the argument. But it has been repeatedly decided by this Court, that it is not by the mere fling of such a plea, but by the introduction also of such proof as shows it not to be a mere sham plea, that the defendant acquires that right; Daviess vs. Abuckle, 1 Dana 525, &c.; and we perceive no reason why the defendant should not be entitled to it on these terms, in an action of assumpsit, or on the trial of an appeal, as well as any other case.
But, although the bill of exceptions states that the defendant had the opening and conclusion of the argument to the jury, it does not show, that this was objected to by the plaintiff, nor that the Court gave any opinion as to the right. It may have been supposed by the parties, that this point was decided by the admission of the plea, and they seem to have acted under this impression. The Court, however, does not appear to have expressed any such opinion; and if the defendant did open and conclude the argument when he was not entitled to do so, it is too late for the plaintiff, after failing to assert his right in the Circuit Court, to make a question about it here, by assigning the fact as error.
In considering the correctness of the opinion of the Court in overruling the motion for a new trial, the only *305 enquiry is, whether the record exhibits any evidence which can sustain the verdict rendered for the defendant, on the plea of payment. By that plea, the defendant undertook to prove, that he had paid the fifty dollars and interest demanded by the plaintiff. The issue was narrowed down to that single fact; and the verdict can only be supported by evidence conducing in a reasonable degree, to establish it. We find no such evidence in the record. The only testimony which, as far as we can perceive, was intended to bear upon the question of payment, is that of J. M. Preston, a witness introduced by the defendant. He states that he had authorized the defendant to collect money due him in Virginia, which he did collect, and on his return, in May, 1827, requested to be permitted to retain it for some time, on interest, which was agreed to; and that in conversation on this subject, he informed the witness, that he had at the same time, collected the same sum, seventy five dollars, for Wheatly, but had settled or arranged the amount with him — but did not say how it had been settled. This statement appears to have been introduced wholly by the the defendant himself, no part of it being relied on by the plaintiff, or being at all necessary or useful to him. Under these circumstances it was incompetent, and might have been rejected as proving nothing. It amounts to nothing more than evidence that the defendant had said he had paid the debt, which, except under special circumstances, that do not appear to have existed in this case, furnishes no presumption of the fact that he had settled it. The mere failure to object to it, or to move its exclusion from the jury, did not impart to it any intrinsic weight as evidence, and therefore, it was, in our opinion, wholly insufficient to sustain the verdict, and the Court should have granted a new trial.
Wherefore, the judgment is reversed, and the cause remanded with directions that a new trial be had on principles not inconsistent with this opinion.
On© hoídíng an executory contract for land, fy for whose benefit,. an ejectment has been successfully prosecuted, becomes liable (by signing an appeal bond) for a heavy judgm’t for improvem’ts made by the occupant* Those in whom the legal title to three fourths of the land rests, then deny the validity of the sale, and the authority under which the ejectm’t was bro’t,and charge that the contract was champertous and m no wise binding on them in equity; and esoap^co'ntribution to the judg’t ít w3dbem¡hviously gross-permit them to do so, and still take the benefit of the judgment in their favor.
There was no law of this state, prohibiting the purchase of land in the adverse possession of a stranger,in 1815, and such contracts were not then champertous.
A fair purchaser, of an interest in land devised to several persons, may sue in their names, to recover the title or possession; and if they claim the benefit of the judg’t recovered, they must take it cum onere, Sf contribute to satisfy any counter judgment forimprovements, fyc.
Deft in ejectm’t confesses judg’t, and gets a judgment for his improvement?: the holders of the legal title allege, that the suit was brought without authority, and that they should not be held answerable, for the improvements, in equity: but it appears that their names were fairly used — and held that defendant cannot he compelled to take the land, in lieu of his judgment, or be deprived of that judgment, merely because he also, denies the authovitv bv which the ejectment was brought.
An occupant holding on, after a judgment of eviction, under a judgment in his favor, for improvements,may be made accoun- ' table for rents for five years, from the judgment— but no more (S. L. 1232,1 unless the delay is caused by him; and a surety in an appeal bond, given upon an appeal from his judgment, which is affirmed, may have the rents set off against that bond — so far as they remain due.
Where an occupant,after a judgment of eviction, holds the land, under a judgment for his improvements, which judg’t is enjoined — though the grounds for the injunction have failed, the Chancellor may let it stand, unless the occupant consent to an extension of the demise, or to surrender the possession — for he should not enforce his judgment, and retain the land too.
three fourths of the land by ex-ecutory contract; a tract of land; ¿°® an^aSúmed authority, sells Ejectment names of lessors, Against aanadv“h®0®c“' Fesses judgment" obtainsjudgraent f°r the improvements — for ^eh becomes bound, in an apjudgment ^ being affirmed: thelesX¡m,°dm™that the vendor had SuheirffiVeresq ™stitate Fn™ eir names! ap<3 refuse toconthe judgment for improvements.— But it appears, the purchaserhad acquired a good right to one fourth of the land, and (as held in this case) had a right to sue for it as he did; and, in equity, one fourth of the value of the improvements only, should fall on him; the balance upon the owners who take the benefit of the ejectment, in proportion to their several interests; and to secure contributions from them, the purchaser should have a lien on the land; which the occupant must, for that purpose, surrender to him. — But for any augmentation of the occupant’s judgment, through the fault of the purchaser, by unsuccessful appeals, 4"c, they are not to contribute; — that loss must fall on him.
Explanation of ho wYoungis entitled to a fourth of the land, and no more.
Case not prepared for a final deerea.
The Court cannot recognize defendants as heirs, when the record does not show them to be so.
Printer’s certificate must identify the order of publication, or the absent defendants will not be considered as before the court-