### R. F. BRANSHAW *v.* J. W. BERRY.

[Abstract Kentucky Law Reporter, Vol. 2—58.]

**Libel—Striking Paragraph From Petition.**
> When there are several causes of action set up in a petition, or one cause is pleaded in two or more paragraphs, the plaintiff may strike out any cause of action at any time, and this will not be an amendment entitling a party to a continuance.

**Newly Discovered Evidence—New Trial.**
> To justify the granting of a motion for a new trial on newly discovered evidence, it must be of a permanent and unerring character, such as to have a decided influence upon the evidence to be overturned.

**Instruction as to Damages in Libel Suit.**
> Punitive damages are always allowed in a suit for slander for damage to one's professional reputation, for the reason that no standard can be fixed by which to measure the damages that may be done to a professional reputation; and hence an instruction embodying such a principle is proper.

APPEAL FROM LEWIS CIRCUIT COURT.

December 9, 1880.

OPINION BY JUDGE HINES:

The petition in this case is unquestionably good. The publication complained of undoubtedly had a tendency to injure appellee in his profession of physician. The objection to the exclusion of evidence is not well taken. The testimony rejected was as to specific acts of misconduct on the part of appellee in regard to which no issue was formed, and was incompetent to affect his reputation or character for chastity.

There was no error in permitting appellee to strike the second paragraph from his petition. When there are several causes of ac-

tion set up in a petition, or one cause of action is set up in two or more paragraphs, the pleader may at any time strike out any cause of action or any paragraph, and such a striking out or discontinuance of a cause of action is in no sense an amendment, which will authorize a continuance. The fact that the opposite party in this instance was surprised does not alter the case. It is not shown how such surprise could have worked detriment to the appellant.

The instruction to find for appellee was correct. There is no evidence tending to establish the truth of the publication complained of. The testimony of appellant as to the conversation with appellee does not show that it had reference to the charges. From all that appears in the bill of exceptions it may have had reference to some other matter of difference between the parties, and as it was not shown to have had reference to this transaction it should have been excluded from the jury. To assume that the conversation had reference to the charges in the publication is to assume the existence of the very thing that must be proved to make out a defense. The evidence of bad character does not apply to the issue as to the truth of the publication, but to the question of damages alone.

There was no error in allowing appellee to conclude the argument, as on the only issue in the case in reference to which evidence was offered the burden of proof was on the appellee. *Daviess v. Arbuckle,* 1 Dana 525; *Young v. Haydon,* 3 Dana 145. The civil code does not alter the rule laid down in those cases.

The refusal to grant a new trial on the ground of newly discovered evidence was not error. In order to justify a trial for newly discovered evidence it must be of such permanent and unerring character as to preponderate greatly, or to have a decided influence upon the evidence to be overturned. The evidence claimed to have been newly discovered is not of such character. Standing alone it would not authorize a verdict for appellant.

The instruction in regard to the measure of damages is not erroneous. In the very nature of the case punitive damages are always allowed in such cases, for the reason, if for no other, that no standard can be fixed by which to measure the damages that may be done to professional reputation in such cases.

Judgment *affirmed.* Judge Hargis not sitting.

*Phister & Hargis, Roe & Roe, Thomas W. Mitchell, for appellant. E. F. Dulin, Garland & Pugh, for appellee.*