CASE 56—ACTION FOR SLANDER—NOV. 21.

# Nicholson v. Merritt.

### APPEAL FROM GRAVES CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

SLANDER—MALICE—INSTRUCTIONS TO JURY—EVIDENCE IN MITIGATION.

Held:   1. The words: "Has one of N.'s girls had a young one?. I
heard it,"—makes a charge of fornication, and are therefore ac-
tionable *per se.*
2. Where the words spoken are actionable *per se,* it is error to re-
quire the jury to believe that they were spoken "maliciously,"
in order to find for plaintiff.
3. An error in one instruction was not cured by another instruction,
where the court permitted counsel, in argument, to put such an
interpretation upon the two instructions as to give effect to the
error.
4. Civil Code Practice, section 124, which permits the pleading of
mitigating circumstances in connection with a plea of the
truth of the alleged slander, does not change the common-law
rule which admits mitigating circumstances in evidence un-
der the general issue.
5. Evidence that defendant at the time he repeated a slanderous
rumor stated his disbelief in its truth is admissible, but only
in mitigation of damages, and an instruction so limiting its
effect should be given.

PARK & SPEIGHT AND W. M. REID, FOR APPELLANT.

LEE & HESTER, FOR APPELLEE.

(No brief in the record.)

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING. ·

The trial of this action for slander, for speaking of and
concerning appellant words which imputed a charge of
fornication, resulted in a verdict and judgment for defend-
ant (appellee).   The words charged, and which, in sub-
stance, are admitted by appellee in his testimony to have

been spoken by him, viz: "Has one of Griff Nicholson's
girls had a young one? I heard it,"— undoubtedly make
such a charge, and are therefore actionable *per se*. Kentucky
Statutes, section 1; Nicholson v. Dunn (Ky.), 52 S. W., 935;
Same v. Rust, Id., 933. This being so, we do not think the
court should have required the jury to believe the words
to have been spoken "maliciously," in instruction No. 1.
"In ordinary slander the question of malice is never sub-
mitted to the jury, except as to the amount of damages."
Newell, Defam., p. 345, section 54, quoting from King v.
Root, 4 Wend., 113. And though the court, in the second
instruction, undertook to give the jury a definition of mal-
ice as applicable to this action, and instructed them that,
if they believed the defendant spoke the words as set
forth, "they must take it as true that the words were
spoken with such malice," which in ordinary cases might
be held to correct any evil effect of the use of the word
"malicious" in the first instruction, yet the argument of
counsel, as shown in the bill of exceptions based on the
use of the word "malicious" in the first instruc-
tion, coupled with the construction which in ar-
gument he put upon the second instruction, seems
to us to have been prejudicial to appellant. It ap-
pears from the bill that counsel for the defense
explained to the jury that they must believe that the word
"malicious" in the first instruction required them to be-
lieve that the words were spoken with an intention to in-
jure the character of the plaintiff, and that this was what
was meant in instruction No. 2, and the court, though re-
quested, refused to correct counsel in this interpretation.

The court permitted evidence of general rumor of the
plaintiff's unchastity to go to the jury, and gave instruction
that such testimony should be considered only in miti-

gation. This was done under a general denial in the answer of the speaking of the words, and in this respect the case at bar differs from the two cases in which the same appellant was plaintiff, cited *supra*, in which the answer admitted the speaking of the words, but pleaded a lack of express malice and mitigating circumstances  At common law such testimony might have been introduced under the general issue. Matthews v. Davis, 4 Bibb, 173. See, also, 13 Enc. Pl. & Prac., p. 71. Our Code provision (Civ. Code Prac, section 124) which permits the pleading of mitigating circumstances in connection with a plea of the truth of the alleged libel or slander does not seem to us to have changed the common-law rule in this respect, and we think, therefore, that the mitigating circumstances might properly be shown without a plea setting them forth. But evidence was also permitted to the effect that the defendant, at the time he spoke the defamatory words alleged, made use of other language which indicated that he did not believe the truth of the rumor which he spread, and at the same time an instruction was refused that the jury could consider the statement of defendant's disbelief only upon the question of damages, with the other facts and circumstances. We think the evidence was admissible, as was the evidence of general rumor, but that its effect should be limited to the question of the amount of damages. No character or reputation would be safe if a mere statement of personal disbelief of a rumor which the speaker was engaged in circulating could be made to defeat the right of recovery for the slander. For the reasons given, the judgment is reversed and the cause remanded, with directions to award appellant a new trial, and for further proceedings consistent herewith.