## Ray v. Shemwell.

(Decided December 19, 1919.)

### Appeal from Graves Circuit Court.

1.  Libel and Slander—Plea or Answer.—Defendant in a slander suit may in one paragraph deny the speaking of the words charged and plead their truth in another paragraph, but he can not deny the speaking of the words and at the same time admit he had spoken said words or substantially the same, the pleas being inconsistent.

2.  Libel and Slander—Evidence—Variance in Form of Expression.— In an action for slander plaintiff is not bound to prove the precise words charged. A mere variance in the form of expression is not material.

3.  Pleading—Election.—Where a pleading contains inconsistent statements or statements inconsistent with those of a pleading previously filed, the court shall, upon or without motion, require the party to elect which of said statements shall be stricken.

4.  Appeal and Error—Instructions.—In civil actions it is not reversible error for the court to fail to give instructions on any particular issue unless requested in writing so to do. Although proper

exceptions may be saved, if the instructions given are correct the failure to instruct upon other issues will not be availing, unless the complaining party tenders instructions on his theory of the case.

5. Libel and Slander—Words Actionable Per Se.—Duty of Jury.— In an action for slander where the words charged are actionable per se it is not for the jury to say what the defendant meant in making the charge, its only duty being to say whether the defendant made the charge. The absence of actual intent to injure furnishes no legal excuse.

6. Libel and Slander—How Words Construed.—In an action for defamation it is immaterial what meaning the speaker intended to convey. Words cannot be construed according to the secret intent of the speaker. The slander and damage consist in the apprehension of the hearers.

7. Libel and Slander—Trial—Malice—Instructions.—In an action for slander it is error to instruct the jury that they must believe the words were spoken maliciously. If the words charged are actionable per se the law presumes malice.

STANFIELD & STANFIELD for appellant

WEBB & WEAKS for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

This is an action for slander and the second appeal in the case. For opinion on the first appeal see 174 Ky. 54.

It is alleged that on or about August 25, 1915, in the presence of H. L. Mulligan and others defendant spoke of and concerning plaintiff (appellant) the following words: "He is nothing more than a thief and has stolen and I can prove it. I have papers to prove that he is a thief "

And on the —— day of August 1915 (about two or three days later), defendant, in speaking of plaintiff, in the presence and hearing of C. A. Wyatt and others, used this language: "He is a thief and I can prove he stole from me."

The judgment in favor of defendant was reversed on the first appeal, because of the admission of evidence. From a second verdict in favor of defendant the present appeal has been prosecuted. The answer denies the speaking of the words as charged on both of the occasions above mentioned, but defendant admits that (quoting from the answer) "he did on or about the —— day

of August, 1915, say in the presence of C. A. Wyatt and others that plaintiff stole from me and that he could prove it, and I have got papers to prove it, and he says it is true that said plaintiff had stolen from him, and that he did have papers to prove it and now has the papers to prove it.''

Before the second trial defendant filed an amended answer in which he denied the speaking of the words on the —— day of August, 1915. A motion by plaintiff to require defendant to elect whether he would rely upon his admission of the spoken words on the —— day of August, 1915, according to his original answer or upon the denial of the speaking of the same as alleged in the amendment was overruled. This was error. While defendant may deny the speaking of the words charged in one paragraph of his answer and plead their truth in another (Whittaker v. McQueen, 128 Ky. 60) he can not deny the speaking of the words and at the same time admit he had spoken said words or words substantially the same; the pleas are inconsistent. Rooney v. Tierney, 82 Ky. 253.

In an action for slander plaintiff is not bound to prove the precise words charged. A mere variance in the form of expression is not material. Nicholson v. Dunn, 21 Rep. 643, 52 S. W. 935; Taylor v. Moran, 4 Met. 127; Pinkston v. Christersen, 8 Rep. 787; Sharp v. Bowlar, 103 Ky. 282, 45 S. W. 90. In the Civil Code, sec. 113, para. 4, it is provided:

''If, however, a party file a pleading which contains inconsistent statements, or statements inconsistent with those of a pleading previously filed by him in the action, he shall, upon or without motion, be required to elect which of them shall be stricken from his pleading. But a party may allege, alternatively, the existence of one or another fact, if he state that one of them is true, and that he does not know which of them is true.''

It is claimed the court erred in overruling a motion for a peremptory instruction in plaintiff's favor. The testimony for defendant contains no specific denial of the words alleged to have been spoken on the —— day of August, 1915, defendant being unable to remember whether he had used the language charged, or the substance thereof. It is difficult to tell whether defendant intended to rely upon the denial in the amended answer or the admission in the original answer. If we should con-

strue the pleadings as admitting the uttering of the words on the —— day of August, 1915, plaintiff was entitled to a peremptory instruction, but since there must be a new trial the issues can be clarified upon a return of the case, and all doubt removed by requiring defendant to elect.

It is next contended the court erred in the giving of instructions.

Instruction No. 1 is as follows:

"The court instructs the jury that they will find for the defendant Shemwell unless they believe from the evidence in this case that the defendant Shemwell on or about the 25th day of August, 1915, in the presence or hearing of H. L. Mulliken, Boyd Nessler and Charles Aton or other persons, at or near the village of Melber, Ky., spoke of and concerning the plaintiff Ray the following words: 'He, meaning the plaintiff, is nothing but a thief, or he meaning plaintiff, has stolen all over the country, or he is a thief and has stolen and I have papers to prove that he is a thief,' thereby meaning that the plaintiff Ray had committed the crime of larceny, if such language was used, or substantially used, by the defendant concerning the plaintiff, falsely and maliciously, then the law is for the plaintiff, and the jury should so find."

It is first urged this instruction is erroneous because it did not include the alleged slanderous words of the —— day of August, 1915. But having failed to request an instruction on this point plaintiff has waived any right to complain. In civil actions it is not reversible error for the court to fail to give instructions on any particular issue unless requested in writing so to do. All that is necessary is that the instructions given be correct so far as they go. If either party desires other instructions he should tender them in writing and request that they be given. Although proper exceptions may be saved, if the instructions as given are correct, the failure to instruct upon other issues will not be availing unless the complaining party tenders instructions on his theory of the case. L. H. & St. L. Ry. Co. v. Roberts, 144 Ky. 824, 139 S. W. 1073; East Tenn. Tele. Co. v. Cook, 155 Ky. 649, 160 S. W. 166; Branham's Admr. v. Buckley, 158 Ky. 848, 166 S. W. 618; L. & N. R. R. Co. v. Wright, 183 Ky. 634, 210 S. W. 184. However, the instruction is erroneous in so far as it made use of the expression "thereby meaning that the plaintiff Ray had committed the crime of larceny." The words charged being actionable *per se* it

was not for the jury to say what the defendant meant by making the charge. Its only duty in this respect was to say whether the defendant made the charge. The absence of actual intent to injure furnishes no legal excuse. Nicholson v. Rust, 21 Rep. 645, 52 S. W. 933; Marksberry v. Weir, 173 Ky. 316, 190 S. W. 1108, Cyc. 371.

In Newell on Slander and Libel, sec. 362, the author says:

"In actions for defamation it is immaterial what meaning the speaker intended to convey. He may have spoken without any intention of injuring another's reputation, but if he has in fact done so he must compensate the party. He may have meant one thing and said another; if so he is answerable for so inadequately expressing his meaning. If a man in jest conveyed a serious imputation he jests at his peril. Or he may have used ambiguous language which to his mind was harmless, but to which the bystanders attributed a most injurious meaning; if so he is liable for the injudicious phrase he selected. What was passing in his own mind is immaterial save in so far as his hearers could perceive it at the time. Words cannot be construed according to the secret intent of the speaker. 'The slander and the damage consist in the apprehension of the hearers.' "

The instruction is faulty for the further reason that the jury could not find for the plaintiff unless they believed the words were spoken maliciously. Instructions similar to this have been condemned frequently by this court. If the word or words charged are actionable *per se,* the law presumes malice, and punitive damages may be recovered, and it is error for the instruction to require a showing of malice in order to recover punitive damages or any damages, since the malice which the law requires is sufficient to authorize a recovery. In the libel action of Reid v. Sun Pub. Co., 158 Ky. 727, 166 S. W. 245, the court instructed the jury, in substance, that if they believed the publication was induced by actual malice on the part of the defendant, then the jury was authorized in its discretion, in addition to compensatory damages, to assess punitive or exemplary damages, and the court held this was error as appellant was not required to show malice in order to recover punitive damages. In ordinary slander where the words are actionable *per se* the question of malice should not be submitted to the jury. Jones v. Todd, 21 Rep. 382, 51 S. W. 452; Nicholson v. Dunn,

21 Rep. 643, 52 S. W. 935; Nicholson v. Rust, 21 Rep. 645, 52 S. W. 933; Blackwell v. Johnston, 21 Rep. 1720, 56 S. W. 12; Nicholson v. Rust, 109 Ky. 369, 59 S. W. 25; Second Appeal, 23 Rep. 2281, 67 S. W. 51; Marksberry v. Weir, 173 Ky. 316, 190 S. W. 1180.

The definition of "malice" in the third instruction probably corrected the evil effect of the word "maliciously" in instruction No. 1, and a reversal would not be ordered but for the other errors pointed out.

Upon a return of the case the court should require defendant to elect whether he will rely upon the admission or denial of the words alleged to have been spoken on August ——, 1915. If he elects to rest upon the allegations of the original answer plaintiff would be entitled to a peremptory instruction in his favor as to the words uttered August ——, 1915, if the evidence on another trial be the same. Should he deny speaking said words, or their substance, and the evidence is substantially the same as on the other trial, the court in lieu of the instructions heretofore given will give the following:

No. 1. The court instructs the jury that if you believe from the evidence that on or about the 25th day of August, 1915, defendant, Cliff Shemwell, in the presence or hearing of H. L. Mulligan, Boyd Nessler, Chas. Aton, or other persons, at or near the town of Melber, Ky., spoke of or concerning the plaintiff T. J. Ray the following words: "He (meaning the plainting) is nothing but a thief or he (meaning the plaintiff) has stolen all over the country, or he is a thief and has stolen and I have papers to prove that he is a thief," or substantially such words, or that on or about the —— day of August, 1915, the defendant Shemwell in the presence or hearing of C. A. Wyatt, Claude Lawson, D. E. Davis, or other persons, at or near the town of Melber, Ky., spoke of and concerning the plaintiff, T. J. Ray, the following words or their substance: "He (meaning the plaintiff) is a thief and I can prove he stole from me," the law is for the plaintiff and the jury will find at least nominal damages in his favor, and such further damages as will reasonably and fairly compensate plaintiff for the injury, if any, to his reputation as well as for the pain and mental distress, if any, caused by the speaking of said words, or of the use of language substantially the same as that above given. And you may, in the exercise of a sound discretion, assess such exemplary damages by way of punishment to the

defendant as you may believe from the evidence plaintiff ought to recover by reason of the speaking of the words aforesaid or in substance the same as the above words, not exceeding in all the sum of $10,000.00, the amount claimed in the petition.

No. 2. But unless the jury believe from the evidence that defendant Shemwell spoke of and concerning plaintiff Ray the words charged in the petition and referred to in instruction No. 1, or substantially said words, they should find for defendant.

It is also insisted the court erred in limiting plaintiff to four character witnesses while defendant was permitted to introduce five. Each side should be entitled to the same number of witnesses on this subject if they are able to obtain them.

We do not deem it material to discuss other points raised by plaintiff.

For the reasons given the judgment of the lower court is reversed for further proceedings not inconsistent herewith.

---

### Lisanby v. Bush, Judge.

(Decided January 9, 1920.)