## Holman v. Plumlee.

(Decided December 19, 1924.)

### Appeal from Monroe Circuit Court.

1. Libel and Slander—Words Charging Immoral Conduct Against Female Actionable Per Se.—Under Kentucky Statutes, section 1, charge of fornication or adultery made against a female is libelous per se, and plaintiff need not allege nor prove special damage, and recovery may be had without proof of express malice; such malice being implied from proof of the slanderous words.

2. Libel and Slander—Imputation of Unchastity Libelous Per Se, if Indirect Charge was Calculated to Produce Belief as to Want of Chastity.—Words charging female with unchastity, to be actionable need not be a direct affirmative charge if they were calculated to induce hearers to suppose or understand that such female was guilty of unchastity.

3. Libel and Slander—Allegation Held to Sufficiently Charge Slanderous Imputation of Unchastity Libelous Per Se.—Allegation that defendant spoke concerning plaintiff, an unmarried female, employed in store by man referred to, "They say that B. is having or has had improper relations with the girl that works in his store," held to sufficiently charge imputation of unchastity, libelous per se.

B. F. DENHAM and BASIL RICHARDSON for appellant.

C. C. CRABTREE, SAM ROBINSON and HEBRON LAWRENCE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Pearl Holman, a young unmarried woman, sued the appellee, A. A. Plumlee, in the Monroe circuit court, seeking the recovery of damages in the sum of $10,000.00 for injuries sustained to her feelings and reputation claimed to have been caused by the speaking by the latter of certain alleged slanderous words of and concerning her. The circuit court sustained a general demurrer filed by the appellee to the petition as amended, and upon the appellant's declining to plead further, dismissed the action. The appellant's complaint of the judgment manifesting these rulings resulted in her prosecution of this appeal, and the only question thereby presented for determination by this court is, whether the alleged slanderous words are actionable.

It is substantially alleged in the petition as first amended that the appellee on the — day of ——, 1922, at his home in Monroe county, maliciously and with the intent to slander and injure the appellant in her feelings and reputation, stated of and concerning her the following false and slanderous words, viz.:

> "They say that B. Stephens is having, or has had, improper relations with the girl that works in his store."

That said statement was made to H. W. Riggs, a minister of the gospel and pastor of the defendant's (appellee's) church, and that she (appellant) was at the time, and had been for about three years the girl, and the only girl, who worked in the store of B. Stephens.

It is also alleged in the first and second amended petitions that the appellee later, in referring to his pre-

vious charge as to the existence of improper relations between the appellant and B. Stephens, again said to Riggs in the presence of Ramon Bush and others, "I believe what I told you as much as if I had seen them with my own eyes."

In the second amended petition it is further averred that when appellee made each of the foregoing alleged slanderous statements of and concerning the appellant, he knew that she was the girl and the only girl who worked, or had worked, in the store of B. Stephens for the preceding three years, and with such knowledge, did maliciously, falsely and slanderously speak of and concerning her the words and language above quoted, thereby charging and intending it to be understood as meaning and charging that the appellant was "guilty of unchaste conduct, living a lewd and lascivious life with B. Stephens, and with serving B. Stephens as his whore; that the defendant (appellee) intended to and did by the use of such language impute unchastity and fornication on her part with B. Stephens, and Riggs and others present understood him to intend and mean that she was unchaste and living in adultery with B. Stephens." It is also substantially alleged in the original and each of the amended petitions that the statements thus made of and concerning the appellant and her relations with B. Stephens by the appellee were and are false and slanderous, and were known by him to be false and slanderous when made by him and were maliciously spoken to the injury of her feelings and reputation, whereby she was damaged in the amount sued for.

The circuit court seems to have sustained the appellee's demurrer to the petition, as amended, on the ground that the words therein alleged to be slanderous are not actionable *per se*; and that as special damages were not alleged there could be no recovery. This is not our view of the law.

In 36 Corpus Juris, section 59, page 1174, it is said:

"Unchastity or immorality not being a crime punishable by the common law courts, but a mere offense of ecclesiastical cognizance, as a general rule at common law oral words imputing a want of chastity, whether the person spoken of is a man or a woman, and whether such person is married or single, are not actionable without allegation and

proof of special damage. The common law rule has always been in disfavor and has been the subject of severe criticism, and is gradually undergoing a change. This change is being brought about by statutes and by judicial decisions. In some jurisdictions in this country the courts have repudiated the rule of the common law and have held that words imputing unchastity to a female are actionable *per se.*" Cushing v. Henderman, 117 Iowa 637; Barnett v. Ward, 36 Ohio St. 107; Battles v. Tyson, 77 Nebr. 563, 15 Ann. Cas. 1242.

In section 60 (page 1175) same volume, it is also said:

"In most jurisdictions now by force of statutory provision oral language charging unchastity is now actionable *per se.* (Jackson v. Williams, 92 Ark. 486; Preston v. Frey, 91 Cal. 107; Burke v. Stewart, 81 Ill. A. 506; Haynes v. Robertson, 190 Mo. A. 156.) Some of the statutes operate in favor of women, and a man has no right of action, unless the words impute a crime or an allegation and proof of special damages. Notwithstanding a statute declaring that a false charge of adultery made against a female is actionable in the same manner as in the case of slanderous words charging a crime, such charge is not actionable if privileged."

Kentucky, like many of her sister states, has, by statute, abolished the harsh rule of the common law declaring that a false charge of fornication or adultery made against a female, will not constitute actionable slander. This legislative enactment is contained in section 1, Kentucky Statutes, and is as follows.:

"A charge of incest, fornication or adultery against a female shall be actionable; and in such cases the plaintiff shall not be held to allege or prove special damages."

The provisions of this statute have been construed and applied in several cases decided by this court, among which are: Adams v. Rankin, 1 Duvall 58; Nickelson v. Dunn, 21 R. 653; Morris v. Curtis, 20 R. 56, and Martin v. White, 188 Ky. 153. These cases all hold that in actions for slander based on the statute, *supra,* it is not necessary for the plaintiff to allege or prove special

damage; and that a recovery may be had without proof of express malice, as such malice may be implied from proof of the false speaking of the slanderous words, which are actionable *per se.*

The authorities all seem to agree that in actions like the one before us it is not necessary, in order to constitute slander, that the words employed amount to a directly affirmative charge of fornication, adultery or unchastity. If the words were such as were calculated to induce the hearer or hearers to suppose and understand that the person against whom they were uttered was guilty of unchastity, it will be sufficient to constitute the alleged slander and make them actionable *per se.* As in the case of Martin v. White, *supra,* the unchastity of the female plaintiff was charged by the defendant in indirect terms, and it was held that the words employed were slanderous *per se* because sufficient to impute to the plaintiff the unchastity evidently intended to be charged, the following excerpt from the opinion, quoted with approval from 17 R. C. L. 282, will be found especially instructive on the point under consideration:

"As to the construction and meaning of words imputing unchastity or the commission of a sexual offense, endless litigation has arisen owing to the fact that the words uttered are generally of an insinuating character or consist of provincial expressions, slang or words not found in dictionaries. As a rule the words complained of are to be taken and understood in that sense which is most natural and obvious, and according to the ideas they are calculated to convey to those to whom they are addressed. It is not essential that the charge be made in direct terms; but it is sufficient if the words used are such as impute unchastity, adultery or fornication, and were so understood by those who heard them. In ascertaining the meaning of words constituting unchastity, their context and the circumstances under which they were spoken or written must also be considered."

To say of an unmarried female in the employ of a man in his store, that she "is having, or has had, improper relations" with him, imports that she is having, or has had, sexual intercourse with him, and therefore as clearly carries with it the imputation that she is un-

chaste as if the words employed had directly charged that she was guilty of fornication or adultery; and in our opinion, considering the words used by the appellee, their import and the circumstances attending their utterance, such appears to have been the meaning he gave and intended to give them; and also the sense in which they were understood by those to whom they were addressed.

As well said in Battles v. Tyson, 77 Nebr. 563, 15 Ann. Cases 1241, in which similar slanderous words were employed:

"By common consent such an imputation is now everywhere treated as the deepest insult and the vilest charge that could be given or inflicted upon the victim or her friends. She is denied the society in which she has been wont to move. If in want of employment, her character is gone, and her chance for self support is injured beyond redress. In our judgment such a charge is more damaging in its effect than many which are most severely punished by our penal laws. If, as alleged by the plaintiff, the defendant by the words spoken of her meant, and intended to mean, that she was offering her body for sexual intercourse, . . . and this was the meaning understood by those to whom the words were spoken, they are actionable *per se,* and no special damages need be alleged or shown in order to sustain the action."

As in our opinion, the words used of and concerning the appellant by the appellee set forth in the petition, as amended, were slanderous and actionable, *per se,* it is our conclusion that the action of the circuit court in sustaining the appellee's demurrer to the petition, as amended, constitutes reversible error.

Wherefore, the judgment is reversed and cause remanded with directions to that court to set aside its judgment sustaining the demurrer to the petition, as amended, and dismisisng the action; and for such further proceedings as may not be inconsistent with the opinion.