## Justice v. Wellman.

(Decided Sept. 27, 1935.)

480

C. F. SEE, Jr., CHESTER A. LYCAN, I. W. SEE and ELDRED E. ADAMS for appellant.

W. J. ROBERTS and CAIN & THOMPSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This is an appeal by J. T. Justice from a judgment for $500 entered against him upon a verdict of eleven jurors in an action begun by Mrs. Wellman against him for slander.

## The Facts.

Mrs. Wellman is the wife of Dr. Ira Wellman and they reside on Water street in Louisa, Ky. Across the street from them lives Mrs. Catherine Toney, and on July 25, 1934, Maud Crum and Mayme Page (married daughters of Mrs. Wellman) were over there talking to Mrs. Toney when Mr. Justice drove up and got out of his car and asked her where Mr. Toney was. Soon Mrs. Crum and Mrs. Page became involved in the conversation, Mr. Justice's language became vulger and insulting, Mrs. Page called to her sister to "come on," and she started across the street to her mother's with Mr. Justice following her.

When they reached the Wellman property, Mrs. Wellman ran out and said, "Don't you hit her," whereupon according to several witnesses, Mr. Justice said: "Get back in there you God damned dirty whore. I will kill you. I mean to kill that dirty bitch." Mrs. Wellman asked a neighbor to call the police and Mr. Justice left. Mrs. Wellman sued Mr. Justice for slander with the result stated. To reverse this judgment several grounds are urged which we shall state as we reach and dispose of them.

481 ·

## The Demurrer to the Petition.

The petition was not defective. The words used are actionable per se and are so whether Mrs. Wellman be married or single. To say a woman is a whore is to accuse her of fornication or adultery which is made actionable by statute. Section 1, Ky. Stats.; Williams v Greenwade, 3 Dana (33 Ky.) 432; 17 R. C. L. p. 282, sec. 23, note 12; 36 C. J. p. 1177, sec. 64, note 40.

## Publication.

Mr. Justice did not mention the name of Mrs. Wellman, he merely addressed to her an insulting and slanderous remark in the presence and hearing of others. That was sufficient publication. See Dedway v. Powell, 4 Bush (67 Ky.) 77, 96 Am. Dec. 283; Moore v. Dodd, 104 S. W. 224, 31 Ky. Law Rep. 843. This case is very different from McIntosh v. Matherly, 9 B. Mon. (48 Ky.) 119.

## The Instructions.

Mr. Justice tendered instructions in which the jury was required to believe these words were said maliciously in order to entitle Mrs. Wellman to recover.

The court gave practically these tendered instructions with the exception of the requirement as to malice, but as these words are actionable per se that was not error. See Nicholson v. Merritt, 109 Ky. 369, 59 S. W. 25, 22 Ky. Law Rep. 914; Reid v. Sun Publishing Co., 158 Ky. 727, 166 S. W. 245; Marksberry v. Weir, 173 Ky. 316, 190 S. W. 1108; Ray v. Shemwell, 186 Ky. 442, 217 S. W. 351; 37 C. J. p. 157, sec. 705, Malice.

## Misconduct of Counsel.

Mr. Justice embodied in his motion and grounds for new trial certain language which he alleges was used by Mrs. Wellman's counsel in his argument to the jury, but the bill of exceptions does not show such language was used, hence we cannot consider it.

## The Verdict.

Mr. Justice complains of this verdict as excessive and alleges it is the result of passion and prejudice on the part of the jury, but we affirmed a similar recovery in Yates v. Mullins, 233 Ky. 781, 26 S. W. (2d) 757.

Judgment affirmed.