## Vanover v. Wells.

(Decided May 15, 1936.)

462

ROSCOE VANOVER AND RUSSELL VANOVER for appellant.

WILLIS STATON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Marcella Vanover sued Harry Wells for slander. The court directed a verdict for the defendant. She is complaining of that, and of certain rulings on the evidence.

## Pleading.

The plaintiff lived in a building belonging to defendant, and in her petition she charged that on April 27, 1934, the defendant said to her, within the hearing of divers persons, "That the police of the City of Pikeville, Ky., was making him, (defendant) get rid of all the lewd women, and that she (the plaintiff) had to move." She also charged that he said within the hearing of divers and various people of Pike county, Ky., "That the police was making him get rid of all the lewd women in his building, and that he was making the plaintiff, Marcella Vanover, move." She made other necessary allegations regarding the falsity, effect, and purpose of these statements.

The defendant denied making these statements, that they had the effect or were made with the purpose alleged, or that plaintiff was damaged thereby, but that he might have said, "That the police authorities were requiring him to move his women tenants out, or some of them, but that he did not mention the plaintiff's name in connection with any such conversation."

## Proof.

Plaintiff testified as to what the defendant said to her in the presence of Florence Parr and Grace Cooper:

"He came to my door and knocked and told me that the police had ordered different buildings around to be cleaned up, that some of them had some lewd women in them and he had turned my name in and I had to move. * * * I am not accusing you, but still, he says, they said you had to move and I have to get you out of here."

Plaintiff testified defendant made many trips up there relative to her vacating the premises. As she expressed it, "He just paced back and forth, some times twice a day."

Mrs. Parr testified concerning what Wells said to Mrs. Vanover:

"He (the defendant) came by one day, it was in April * * * and said they had to move out all of the lewd women, and he says I come up and asked you to move and let you know they were going to notify you out."

Mrs. Vanover's daughter, Grace Cooper, testified defendant said this:

"He (the defendant) told mother in my presence that mother would have to move because the police had given him orders to move out all of the lewd women and that she would have to move."

Mr. Taylor had his law office on the same floor as Mrs. Vanover's apartment and testifies:

"He (the defendant) came to my office one day and told me that he had been notified by the policemen of the town, probably the police judge, he with others, probably George Hames and some one else, to clean up the lewd women from their buildings. * * * He said that he had given Marcella Vanover notice to move."

### The Directed Verdict.

The language used by the defendant is actionable per se. Section 1, Ky. Stats.; Justice v. Wellman, 260 Ky. 479, 86 S. W. (2d) 132; Holman v. Plumlee, 206 Ky. 275, 267 S. W. 221.

> "Every one who gives currency to slanderous report, becomes responsible for its truth."

Calloway v. Middleton et ux., 2 A. K. Marsh, (9 Ky.) 372, 12 Am. Dec. 406.

In Smalley v. Anderson and wife, 4 T. B. Mon. (20 Ky.) 367, the defendant, after making a similar charge to the one made here, pleaded that when he said it he had said, "It was generally reported," and this court said of that:

> "The idea than an individual may assert that another is guilty of the foulest crimes, then either justify or excuse himself by averring and proving that the same facts were generally reported as true, is too absurd to need refutation."

In Nicholson v. Rust, 52 S. W. 933, **21 Ky. Law** Rep. 645, Rust admitted having said:

> " 'One of Mrs. Nicholson's twins had twins, so I heard;' * * * but that he did not believe it, and so informed Staten at the time he spoke to him about it."

This court said of that:

> "We are therefore of the opinion that the court erred in its instructions given requiring proof of malice and of the intention of appellee with charging appellant with having committed the crime of fornication, and that Staten, the person to whom the words were spoken, so understood him. Nor is it any justification * * * that he informed him at the time that he did not believe said report to be true. * * * Every repetition of a slander is a willful publication of it, rendering the speaker liable to an action. Tale bearers are as bad as tale makers."

Quite a bit of litigation grew out of this Nicholson scandal. See Nicholson v. Dunn, 52 S. W. 935, 21 Ky. Law Rep. 643, Nicholson v. Merritt, 109 Ky. 369, 59 S. W. 25, 22 Ky. Law Rep. 914, and Sanderson v. Nicholson, 56 S. W. 1134, 22 Ky. Law Rep. 225. This last citation shows Mr. Sanderson paid quite dearly for his remarks.

In this case, Mrs. Vanover was paying the defend-

ant $12 per month rent for that part of the building she occupied. She was the only woman tenant he had. The defendant testifies that he wanted her to vacate the rooms she occupied, that he was going to move there himself, which he did. This is not a suit for compelling her to vacate his premises, but for the language and method used in accomplishing that.

We have given above the charge made in the petition and the testimony upon the trial. The trial court, in directing the verdict for the defendant, quotes Mrs. Vanover's testimony, and gives as his reason for directing a verdict against her that the use of the expression "I am not accusing you of anything," dehorns the previous expression. The court overlooked what defendant said to Taylor and the court did not use the exact language the bill of exceptions shows was used by Mrs. Vanover. In Renaker v. Gregg, 147 Ky. 368, 144 S. W. 89, 92, this court quotes with approval from section 365 of Townshend on Slander and Libel this language:

"The plaintiff need not prove all the words laid; but he must prove enough of them to sustain the action. It is sufficient if the gravamen of the charge is laid as proved, and, unless the additional words qualify the meaning of those proved, so as to render those proved not actionable, the proof is sufficient."

In a slander case as in any other case the plaintiff has to prove that about which there is an issue made in the pleadings and to enable us to show what was in issue here we shall compare the pleadings of these parties, putting the allegation of plaintiff's petition first and what defendant admits in answer he might have said second.

"That the police of the City of Pikeville, Ky., was making him (defendant) get rid of all the lewd women and that she (the plaintiff) had to move."

"That the police authorities was requiring him to move his women tenants out, or some of them, but that he did not mention the plaintiff's name in connection with any such conversation."

From this comparison we see that the sole issue

made by the pleading is did the defendant in that conversation use the word "lewd." Everything else charged as to that conversation is admitted.

He does not deny that he was talking to her and that he was telling her she had to move. Hence when the plaintiff had testified as we have above set out, and Mrs. Parr and Grace Cooper had testified as set out above, there certainly was proof in the record that the word "lewd" was used, and surely there was testimony to sustain the action. Now did the additional words, "I am not accusing you but still they said you had to move and I have to get you out of here" so qualify or neutralize the meaning of the words proved, as to render those words proved not actionable? The answer is no. Here is the impression all of this would leave upon the mind of the average reasonable man in language coarse and blunt. "The city has told the property owners to move all the whores out, you are a whore and you will have to move. It is the city that is doing this not me." The last ten words portray to the mind of the average man exactly the same idea as "I am not accusing you but still they said you had to move, and I have to get you out of here" used as it was in connection with the other language. Clearly these words as used did not render the preceding words nonactionable.

Mrs. Vanover's name was not mentioned because he was talking to her, but addressing a defamatory remark to a party in the presence and hearing of others is a publication of it. Justice v. Wellman, 260 Ky. 479, 86 S. W. (2d) 132.

There are two defamatory statements charged in the petition to have been made by the defendant, both of which should have been submitted to the jury.

### Rulings on Evidence.

The plaintiff charges defendant with saying certain defamatory words to her in the presence of others by which her reputation was injured and she was damaged thereby. Defendant says he did not say it. That and the previous chastity and good or bad reputation of the plaintiff and the effect of these defamatory remarks thereon should be the limit of the evidence. Louisville Times Co. v. Emrich, 252 Ky. 210, 66 S. W.

(2d) 73; Courier Journal Co. v. Noble, 251 Ky. 527, 65 S. W. (2d) 703; Branshaw v. Berry, 2 Ky. Law Rep. 58, 10 Ky. Op. 918; Register Newspaper Co. v. Stone, 102 S. W. 800, 31 Ky. Law Rep. 458, 11 L. R. A. (N. S.) 240; Gaines v. Grant, 8 Ky. Law Rep. 779; Pinkston v. Christerson, 8 Ky. Law Rep. 789; 37 C. J. p. 75, secs. 476 and 477.

Why this drive was put on by the city, what complaints had been made, the reputation of other women, or other rooms or houses, have no proper place in this case. The parties tried to lug in all that ever occurred in Pike county; the court is to be congratulated on holding them down as well as he did, but on the next trial they should not be allowed to go afield at all. There was no plea this was a privileged communication, hence no room for any evidence or argument that it was such. That is not consistent with defendant's plea that he did not say the words he is charged with saying.

Judgment reversed.