# Parks v. Berry.

March 19, 1948.

John W. Coomes, Charles B. Zirkle and S. J. Stallings for appellant.

J. Wirt Turner, Jr. for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is an action of slander by which the appellant, and plaintiff, Christeen Parks, seeks to recover from the defendant, and appellee, Jennie Berry, $25,000 as damages sustained by plaintiff because of the alleged slanderous words spoken in the presence and hearing

of named others which, as charged in the petition, are: "Did you hear about little Christeen Parks? She is going to have a baby," and in the presence of still others these words: "It is so, she (plaintiff) is going to have a baby, she is in a family way. If you do not believe it, go over and see for yourself." (Our parenthesis.) The court sustained defendant's demurrer to the petition and gave plaintiff until the next term to amend it, but which was not done, and the court then dismissed it, from which order appellant prosecutes this appeal. The words charged to have been spoken of and concerning plaintiff by defendant necessarily accused her of copulating with one of the opposite sex.

To sustain an action for slander by accusing a woman of being pregnant is or is not slanderous dependent upon her marital status. If she is married at the time the alleged slander was spoken, then to accuse her of being pregnant would not be slanderous, since the intercourse producing pregnancy in such circumstances would be lawful and would not produce any stigma upon the character of plaintiff, nor would her condition be the result of unlawful intercourse.

Therefore, the law seems to be well settled that in order to make a petition seeking damages for an alleged slander of a female attacking her chastity it is essential that she should allege in her petition that she was unmarried, and other facts showing her innocence of either fornication or adultery, the one (fornication) being committed by an unmarried person and the other committed by one who is married.

The text in 33 A. J. 64, sec. 40, discussing the subject of "Libel and Slander" says: "To charge an *unmarried* woman with being pregnant with child or with having had a child amounts to a charge of fornication or want of chastity. * * * To say of a married woman that she is pregnant does not impute a want of chastity where it does not appear whether she was married or unmarried." (Our emphasis.)

Neither we nor counsel on either side have been able to find any text or any opinion in conflict with that excerpt. It logically and uncontrovertedly declares that in order for alleged slanderous words accusing a woman of being pregnant, the words must have been spoken

of and concerning an unmarried woman or if married the slanderous words must be such as to disclose that the pregnancy was the result of fornication or adultery committed by her.

The above text is borne out by the annotation in 24 L. R. A., N. S., 577, wherein it is emphasized that an accusation by a defendant accusing plaintiff of pregnancy is not sustainable unless it appears that plaintiff at the time she became pregnant was a single woman. Such an allegation is therefore an integral part of actionable slanderous words accusing her of pregnancy and a petition to recover damages therefor must expressly state in order to make the words actionable that she was a single woman.

We have not been able, to our astonishment, to find any text, or an opinion from any court, so expressly and specifically holding, except the excerpt supra in 33 A. J. wherein it is stated: "To say of a woman that she had a child does not impute a want of chastity where it does not appear whether she was married or unmarried." That statement is based upon the exact facts in this case wherein appellant does not state in her petition that she was unmarried.

In the cases of Nicholson v. Dunn, 52 S. W. 935, 21 Ky. Law Rep. 643, Nicholson v. Rust, 52 S. W. 933, 21 Ky. Law Rep. 645, and Nicholson v. Merritt, 109 Ky. 369, 59 S. W. 25, 22 Ky. Law Rep. 914, each of which was based upon the identical accusation made in this case, the opinions therein commenced by stating that the plaintiff was an unmarried woman. Those cases are cited in a number of later ones wherein the same allegation—that plaintiff was an unmarried woman— was made in the petition, since only charging her of being pregnant imputes to her no want of chastity or guilt of immorality or having violated any law, unless she was unmarried. It therefore follows that before such a charge could be actionable plaintiff should allege the essential fact required to make such a charge actionable as to her.

The above stated requirement necessary to make any pleading good is thus stated in 41 A. J. 344, sec. 77, under the title of "Pleading:" "Every material fact essential to the existence of the plaintiff's cause of ac-

tion, and which he must prove to sustain his right of recovery, must be averred, in order to let in proof thereof. Every issue must be founded upon some certain point, so that the parties may come prepared with their evidence and not be taken by surprise, and the jury may not be misled by the introduction of various matters.''

It is argued, however, by counsel for plaintiff that since her next friend was her father, and that he stated that she was under 16 years of age, it should be inferred or presumed that she was not married when the slanderous words were spoken. Not only would such an inference be in disregard of the rule that pleadings are construed more strongly against the pleader, but such a conclusion would not necessarily follow, since numerous marriages are performed when the husband bears the same name as that of his wife. Neither does the age of plaintiff necessarily import that she was unmarried, since numerous marriages are celebrated when the female is under 16 years of age.

We therefore declare that it is essential to maintain an action for slanderous words of the same import as those here involved, that the female plaintiff should allege that at the time it is charged she became pregnant she was an unmarried woman. The learned trial judge did not state the grounds for sustaining the demurrer, but it is manifest that he did so because of the omission of the required averment which we have declared is essential.

Wherefore, the judgment is affirmed.